PEOPLE v BOUTELL

1. Searches and Seizures—Impounded Automobiles—Inventory Search—Constitutional Law.

   A police department practice of securing and inventorying the contents of impounded automobiles is in response to three distinct needs: (1) the protection of the owner's property while it remains in police custody, (2) the protection of the police against claims or disputes over lost or stolen property, and (3) the protection of the police from potential danger; even if such an inventory is characterized as a "search", the intrusion is constitutionally permissible.

2. Searches and Seizures—Impounded Automobiles—Inventory Search—Evidence—Suppression of Evidence.

   A pistol discovered in a defendant's automobile during an inventory search after the automobile was impounded as a result of the defendant's arrest for driving under the influence of intoxicating liquor and where the automobile could not be left parked along the side of the road because of snow conditions was validly seized and the grant of a motion to suppress the pistol after the defendant was charged with carrying an unlicensed pistol in a vehicle was improper.

Appeal from Muskegon, John H. Piercey, J. Submitted November 9, 1977, at Grand Rapids. (Docket No. 77-981.) Decided December 6, 1977.

Rodney F. Boutell was charged with carrying an unlicensed pistol in a vehicle. Defendant's motion to suppress the pistol from evidence was granted. The people appeal. The suppression order is set aside and the cause remanded.

*Frank J. Kelley,* Attorney General, *Robert A.*

Reference for Points in Headnotes
[1, 2] 68 Am Jur 2d, Search and Seizure § 57.

*Derengoski,* Solicitor General, *Gerald D. Warner,* Prosecuting Attorney, and *Gerald W. Gibbs,* Assistant Prosecuting Attorney, for the people.

*Brian K. Walsworth,* for defendant.

Before: R. B. BURNS, P. J., and D. E. HOLBROOK and R. B. MARTIN,* JJ.

R. B. BURNS, P. J. Plaintiffs appeal from an order of the circuit court suppressing a pistol from evidence. We reverse.

Defendant was arrested for driving under the influence of intoxicating liquor, contrary to MCLA 257.625; MSA 9.2325. There was snow along the side of the road which hampered parking the vehicle. Consequently the automobile was impounded. After the car was impounded an officer conducted an inventory search of the vehicle. The officer found a pistol under the front seat on the driver's side. Defendant was therefore charged with carrying an unlicensed pistol in a vehicle, contrary to MCLA 750.227; MSA 28.424.

Defendant filed a motion to suppress the pistol from evidence and the trial judge granted the motion.

The validity of inventory searches of impounded cars was decided by the United States Supreme Court in *South Dakota v Opperman,* 428 US 364; 96 S Ct 3092; 49 L Ed 2d 1000 (1976). Chief Justice Burger, writing for the Court, stated:

"Police will * * * frequently remove and impound automobiles which violate parking ordinances and which thereby jeopardize both the public safety and the efficient movement of vehicular traffic. The authority of police to seize and remove from the streets vehicles

_____

* Circuit judge, sitting on the Court of Appeals by assignment.

impeding traffic or threatening public safety and convenience is beyond challenge.

"When vehicles are impounded, local police departments generally follow a routine practice of securing and inventorying the automobiles' contents. These procedures developed in response to three distinct needs: the protection of the owner's property while it remains in police custody, *United States v Mitchell,* 458 F2d 960, 961 (CA9 1972); the protection of the police against claims or disputes over lost or stolen property, *United States v Kelehar,* 470 F2d 176, 178 (CA5 1972); and the protection of the police from potential danger, *Cooper v California,* [386 US 58, 61–62]; 87 S Ct 788; 17 L Ed 2d 730 (1967). The practice has been viewed as essential to respond to incidents of theft or vandalism. See *Cabbler v Commonwealth,* 212 Va 520, 522; 184 SE2d 781, 782 (1971), *cert denied,* 405 US 1073, 92 S Ct 1501; 31 L Ed 2d 807 (1972), *Warrix v State,* 50 Wis 2d 368, 376; 184 NW2d 189, 194 (1971). In addition, police frequently attempt to determine whether a vehicle has been stolen and thereafter abandoned..

"These caretaking procedures have almost uniformly been upheld by the state courts, which by virtue of the localized nature of traffic regulation have had considerable occasion to deal with the issue. Applying the Fourth Amendment standard of 'reasonableness,' the state courts have overwhelmingly concluded that, even if an inventory is characterized as a 'search,' the intrusion is constitutionally permissible." 428 US at 369–371; 96 S Ct at 3096–3097; 49 L Ed 2d at 1005–1006. (Footnotes omitted.)

The order of suppression is hereby set aside and the cause remanded for trial.