PEOPLE v MERCHANT

Docket No. 77-3997. Submitted August 31, 1978, at Grand Rapids.—
Decided October 3, 1978.

James T. Merchant was arrested pursuant to two outstanding
felony warrants immediately after he had renewed a rental
contract on an automobile. Upon his arrest, an employee of the
rental agency refunded Merchant's money and obtained his
signature on a cancellation form, terminating the rental con-
tract. The police then removed a briefcase belonging to Mer-
chant from the car, opened it, and discovered a quantity of
heroin. On the basis of this evidence Merchant was subse-
quently convicted of possession of heroin with intent to deliver,
Clinton Circuit Court, Leo W. Corkin, J. Defendant appeals,
challenging the admission of the heroin into evidence. *Held:*

1. Because the challenged evidence was totally decisive of the
outcome of the case, the Court of Appeals will allow the
defendant to raise the constitutional issue of the validity of the
search and seizure for the first time on appeal.

2. Because the rental agreement had been terminated, the
defendant no longer enjoyed any reasonable expectation of
privacy in the automobile. The removal of his briefcase by the
police without a search warrant was therefore not violative of
the defendant's right against an unreasonable search and sei-
zure.

3. The briefcase was properly opened as a part of a standard
inventory search of the defendant's possessions, pursuant to the
arrest on proper warrants for charges totally unrelated to the
present case.

Affirmed.

REFERENCES FOR POINTS IN HEADNOTES

[1] 5 Am Jur 2d, Appeal and Error § 574.
   29 Am Jur 2d, Evidence §§ 425, 426.
   Modern status of rule governing admissibility of evidence obtained
   by unlawful search and seizure. 50 ALR2d 531.
[2, 3] 68 Am Jur 2d, Searches and Seizures §§ 2, 16, 34.
   Validity, under Federal Constitution, of warrantless search of auto-
   mobile—Supreme Court cases. 26 L Ed 2d 893.
[3] 68 Am Jur 2d, Searches and Seizures § 57.

1. APPEAL AND ERROR—CRIMINAL LAW—EVIDENCE—CONSTITUTIONAL
   LAW—ADMISSIBILITY OF EVIDENCE.

   The Court of Appeals must determine whether evidence which a
   defendant alleges was erroneously admitted was decisive to the
   outcome of the case where the defendant raises, for the first
   time on appeal, a constitutional question regarding the pro-
   priety of the search by which the evidence was obtained; the
   defendant may be allowed to raise the issue on appeal where
   the challenged evidence was totally decisive of the defendant's
   conviction.

2. SEARCHES AND SEIZURES—CONSTITUTIONAL LAW—EXPECTATION OF
   PRIVACY—CRIMINAL LAW.

   Fourth Amendment protection from a search or seizure con-
   ducted without a warrant does not extend to situations where
   the reasonable expectation of privacy no longer exists; there-
   fore, a defendant's briefcase could be removed from an automo-
   bile which the defendant had been renting and on which the
   rental contract was terminated following the defendant's arrest
   and there was no improper search or seizure because at that
   time the automobile was the property and under the control of
   the rental agent and the defendant had surrendered any rea-
   sonable expectation of privacy.

3. SEARCHES AND SEIZURES—INVENTORY SEARCH—CLOSED CONTAINERS
   —JUSTIFICATION FOR SEARCH.

   A closed container obtained by police under a standard inventory
   search may properly be opened as a part of that search; the
   justifications for such search are (1) the protection of property
   while held in police custody, (2) the protection of the police
   against claims over lost or stolen property, and (3) protection of
   the police from potential danger.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Jon Newman,* Prosecuting Attorney, for the people.

*William G. Jackson,* for defendant on appeal.

Before: ALLEN, P.J., and D. E. HOLBROOK, JR., and D. F. WALSH, JJ.

PER CURIAM. On August 2, 1977, defendant was convicted of possession of heroin with intent to

deliver, MCL 335.341(1)(a); MSA 18.1070 (41)(1)(a). Sentenced to 4-1/2 to 20 years imprisonment, he appeals by right under GCR 1963 806.1.

On January 24, 1977, defendant was arrested at the Capital City Airport pursuant to two outstanding felony warrants for offenses totally unrelated to the present offense. Defendant had gone to the airport to renew a rental contract with Avis Rent-A-Car. While inside the terminal his car was parked in a loading zone. After renewing the contract, defendant returned to his car where he was apprehended while seated in the parked rental car. Defendant was then taken to the public safety office inside the terminal and was arrested there. At this time an Avis employee brought defendant's rental contract to the office, refunded to defendant his money and secured defendant's signature on the cancellation form. The police then went outside the terminal, searched the trunk of the car and removed defendant's briefcase. The briefcase was brought into the office and placed on a desk. A search of the briefcase was conducted, disclosing 254 bindles of heroin. A motion to suppress was filed by defendant's trial counsel prior to trial. Upon defendant's waiver of a jury trial the hearing on the motion to suppress and the trial were combined. At the close of the proofs and legal arguments on the motion to suppress, the trial court found no constitutional violation and admitted the heroin into evidence.

During argument on the motion to suppress, defense counsel did not contest the validity of the removal of the briefcase from the car trunk, but instead claimed that the opening and examination of the briefcase after it was brought to the public service office where defendant was under arrest was illegal. The people claim that defendant has

thereby waived the issue which cannot now be raised for the first time. On the facts in this case, we disagree. Where a defendant raises a constitutional question for the first time on appeal, the Court must determine if the allegedly erroneously admitted evidence was decisive to the outcome of the case. *People v Summers,* 70 Mich App 584; 246 NW2d 152 (1976), *People v Blassingame,* 59 Mich App 327; 229 NW2d 438 (1975). Here, the challenged evidence was totally decisive since defendant's conviction was based exclusively on the bindles of heroin found in the briefcase. Under these circumstances we allow defendant to raise the issue even though our ruling admittedly makes for a less complete record than is desired.[1]

On appeal defendant argues that since the search was warrantless it was illegal *per se* unless shown to be within one of the well-recognized exceptions to the warrant requirement rule. *People v Reed,* 393 Mich 342, 362; 244 NW2d 867 (1975). In his comprehensive brief defendant contends that none of the exceptions, including the automobile exception,[2] are applicable. We view the issue differently.

Within a few minutes after defendant was placed under arrest in the airport terminal building, Jane Rundell, the Avis employee who earlier had accepted an additional deposit which extended defendant's rental contract, returned to refund some $30 in cash to defendant and to obtain his

---

[1] Probably because the court understood counsel was not contesting the opening of the car trunk the court made no findings of fact on that issue even though the testimony was disputed as to whether the Avis employee asked the officers to remove any personal possessions of defendant from the car.

[2] The automobile exception was first established in *Carroll v United States,* 267 US 132; 45 S Ct 280; 69 L Ed 543 (1925), and more recently restated and expanded upon in *Coolidge v New Hampshire,* 403 US 443; 91 S Ct 2022; 29 L Ed 2d 564 (1971).

signature terminating the rental agreement. She did so after phoning her superior to obtain instructions on what to do with the car and being instructed to close out the contract. Defendant did not object and signed the printed contract form showing the rental agreement was terminated.[3]

In view of the unrebutted testimony that the rental agreement was terminated, that the car was the property of Avis rather than defendant, and that the car was illegally parked in a loading zone, we conclude that defendant no longer had standing to contest the removal therefrom of his personal possessions. He had surrendered any reasonable expectation of privacy. As was stated in *People v Hopko,* 79 Mich App 611; 262 NW2d 877 (1977), *lv den,* 402 Mich 950o (1978), Fourth Amendment protection from warrantless search or seizure does not extend to situations where the reasonable expectation of privacy no longer exists. Defendant cites two New Mexico decisions purportedly holding that a constitutionally protected expectation of privacy extends to a rented car. *State v Brubaker,* 85 NM 773; 517 P2d 908 (Ct App, 1973), *State v Lewis,* 80 NM 274; 454 P2d 360 (Ct App, 1969). The cases are clearly distinguishable. In neither had the rental agreement been terminated. In each case the rental agent acknowledged

---

[3] "Q. Now after you gave him the refund and acquired his signature what did you do then?

"A. I believe I contacted my boss a second time and told her that the contract had been closed out and she asked me to find out what would happen with the automobile and I was told that the police would need to keep the car but that [the police] would return it to us as soon as possible.

\* \* \*

"Q. Did you and Mr. Merchant have any conversation when you gave him these dollars and asked him to sign this thing?

"A. I think he asked me why it was such a small refund but I told him that it was because of the mileage discrepancy and then he said, 'Oh, okay,' and he signed the contract."

a continuing right of the lessee to the rented vehicle. But where, as here, the rental agent no longer recognizes any right of the lessee to the car, a subsequent New Mexico case, *State v Clark,* 89 NM 695, 696; 556 P2d 851, 852 (Ct App, 1976), suggests that the defendant would not have standing to object to the search of the vehicle.

"The state first contends that the defendant did not have standing to object to the search and seizure. We disagree. Mr. Johnson stated that he was holding the vehicle until paid what was owing and if defendant did not pay he was going to keep the contents of the van. The facts show that Mr. Johnson was waiting for the money owing at the time of the inventory search. Mr. Johnson was holding the vehicle for the defendant subject to payment. *This recognition of defendant's right to the vehicle by the U-Haul representative, Mr. Johnson,* was sufficient to give defendant standing to object to the inventory search and seizure. *State v Lewis,* 80 NM 274; 454 P2d 360 (Ct App, 1969)." (Emphasis supplied.)

Having determined that removal of the briefcase was permissible the remaining question is whether the warrantless opening of the case was justified. The trial court upheld the search of the defendant's briefcase under the inventory exception to the warrant requirement.[4] Michigan recognizes inventory searches, *People v Dixon,* 392 Mich 691; 222 NW2d 749 (1974), *People v Robinson,* 388 Mich 630; 202 NW2d 288 (1972), but with the possible exception of *People v Obadele,* 58 Mich App 139; 227 NW2d 258 (1975), no Michigan case discusses the scope of the inventory search. Must the inventory be limited to a listing of the car contents, or

---

[4] At trial, Officer Webster testified he opened the briefcase for two reasons: (1) at defendant's request so that defendant might use his glasses which were contained in the case, (2) to make an inventory of the briefcase contents before taking defendant to jail. The trial court made a finding of fact that defendant did not ask for his glasses.

may it include a listing of the contents of the contents? That question has been answered in *South Dakota v Opperman,* 428 US 364; 96 S Ct 3092; 49 L Ed 2d 1000 (1976), which clearly allows the opening of closed containers taken into custody by the police under standard police procedures. The justifications for such search are: (1) the protection of property while held in police custody; (2) protection of the police against claims over lost or stolen property; and (3) protection of the police from potential danger. *Opperman* has been cited with approval by this Court in *People v Boutell,* 80 Mich App 216; 263 NW2d 36 (1977).

Defendant argues that the *Opperman* holding has recently been reduced in scope by *United States v Chadwick,* 433 US 1; 97 S Ct 2476; 53 L Ed 2d 538 (1977). In that case a footlocker, suspected by the police of containing narcotics, was lifted out of an open car trunk and the defendants were placed under arrest. Defendants and the footlocker were taken to the Federal Building where the footlocker was opened. The Supreme Court held that the warrantless search of the locked footlocker was an unreasonable invasion of defendants' expectation of privacy in the footlocker. However, *Chadwick* was not an inventory case since the arrests there were based on the contents of the footlocker as disclosed by the search. Here, defendant was not arrested for the heroin found in his briefcase but was arrested on outstanding warrants on charges of larceny from a building, and was about to be taken to jail on said charges. Under the circumstances, the police were making a standard type inventory of the items defendant had with him prior to being taken to jail. For purposes of this case *Chadwick* is inapplicable.

Affirmed.