PEOPLE v GODWIN

Docket No. 30456. Submitted September 4, 1979, at Detroit.—Decided November 7, 1979.

Defendant, Charles Godwin, was convicted of possession of heroin with intent to deliver in the Recorder's Court of Detroit. At trial defendant moved to suppress the heroin discovered by police during an inventory search of an automobile. Defendant had been the victim of a gunshot wound. The car in which he was found had a window shot out and the keys in it. The glove compartment was locked. After defendant was taken to a hospital, the car was taken into custody. The police lot where the car was to be kept had a history of extensive vandalism and the police routinely inventoried impounded vehicles. The police took the keys from the ignition and unlocked the glove compartment, where the heroin was found. The court, Peter Spivak, J., allowed introduction of the heroin. Defendant appeals. *Held:*

1. The people argue that the defendant lacks standing to challenge the legality of the police search because at no time did defendant assert a possessory interest in the car or the heroin. A defendant has automatic standing to contest a search and seizure where he is charged with an offense that includes, as an essential element, possession of the seized evidence at the time of the contested search and seizure.

2. The justifications for an inventory search are 1) the protection of property while in police custody, 2) protection of the police against claims over lost or stolen property, and 3) protection of police from potential danger. Under the facts of this case the search was justifiable under the first two justifications.

Affirmed.

References for Points in Headnotes

[1] 29 Am Jur 2d, Evidence § 418.

Nature of interest in, or connection with, premises searches as affecting standing to contest legality of search. 78 ALR2d 246.

[2] 68 Am Jur 2d, Searches and Seizures § 57.

Lawfulness of "inventory search" of motor vehicle impounded by police. 48 ALR3d 537.

1. SEARCHES AND SEIZURES — STANDING — AUTOMATIC STANDING.

   A defendant has automatic standing to contest a search and
   seizure where he is charged with an offense that includes, as an
   essential element, possession of the seized evidence at the time
   of the contested search and seizure.

2. SEARCHES AND SEIZURES — INVENTORY SEARCH — GLOVE COMPART-
   MENT — JUSTIFICATION FOR SEARCH.

   A locked glove compartment of a vehicle may properly be opened
   as part of an inventory search of the vehicle where the keys
   are in the ignition, the vehicle has been rendered unsecurable
   by a window having been shot out and the impounding lot
   where the vehicle was to be stored had a record of extensive
   vandalism; heroin found in such a search may properly be
   admitted in a prosecution of the occupant of the vehicle for
   possession of heroin; the justifications for an inventory search
   are 1) the protection of property while held in police custody, 2)
   the protection of the police against claims over lost or stolen
   property, and 3) protection of the police from potential danger.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, Appeals, and *Timothy A. Baughman,* Assistant Prosecuting Attorney, for the people.

*Godfrey J. Dillard,* for defendant on appeal.

Before: N. J. KAUFMAN, P.J., and R. M. MAHER and D. C. RILEY, JJ.

PER CURIAM. Defendant was convicted of possession of heroin with the intent to deliver, MCL 335.341(1)(a); MSA 18.1070(41)(1)(a), by a Recorder's Court jury. He was subsequently sentenced to three years probation. From this conviction and sentence, defendant appeals as of right.

The facts are not in dispute. Defendant was the victim of a gunshot wound to the head. After he was transported to the hospital in critical condition, the car in which he was discovered was taken into police custody. One of the car's windows had

been shot out and the keys were left in the ignition. In conducting a subsequent inventory search of the automobile, a police officer unlocked the glove compartment with these keys and discovered a brown bag containing heroin. Defendant moved to suppress this evidence on the ground that it was discovered through an illegal search. The court denied defendant's motion and admitted the heroin into evidence at trial over defendant's objection.

Defendant now claims the trial court's denial of his motion and its admission of this heroin into evidence constituted reversible error.

Preliminarily, it is necessary to address the people's challenge to defendant's standing. The people argue that at no time did defendant assert a possessory interest in the automobile or the bag containing the heroin. Therefore, he did not demonstrate his standing to complain of the search and seizure. We disagree. This Court continues to follow the "automatic standing" rule established in *Jones v United States,* 362 US 257; 80 S Ct 725; 4 L Ed 2d 697 (1960).[1] Thus, a defendant has standing to contest a search and seizure where, as here, he is charged with an offense that includes, as an essential element of the offense charged, possession of the seized evidence at the time of the contested search and seizure. See *Brown v United States,* 411 US 223, 229; 93 S Ct 1565; 36 L Ed 2d 208 (1973), and *People v Greenwood,* 87 Mich App 509, 512-513; 274 NW2d 832 (1978).

---

[1] The recent case of *Rakas v Illinois,* 439 US 128; 99 S Ct 421; 58 L Ed 2d 387 (1978), does not affect this conclusion. In that case, the Supreme Court was not faced with a situation wherein the same possession needed to establish standing was an essential element of the offense charged. The Court therefore did not deem the case a proper one for a review and reconsideration of the automatic standing rule. Accordingly, this rule remains viable. See *Rakas, supra,* 439 US 128, 135 fn 4.

Although defendant had standing to challenge the legality of the inventory search, we find that this search did not exceed permissible bounds under the peculiar facts presented in this case. To reiterate, the heroin was found in the locked glove box of the car defendant was discovered in. The car had one window shot out and the keys were in the ignition.

The scope of an inventory search does extend to the glove compartment of a vehicle since it is frequently a repository for important documents and other valuables deserving police protection. *South Dakota v Opperman,* 428 US 364, 372; 96 S Ct 3092; 49 L Ed 2d 1000 (1976). The justifications for such an inventory search are: (1) the protection of property while held in police custody; (2) protection of the police against claims over lost or stolen property; and (3) protection of police from potential danger, *South Dakota v Opperman, supra,* 369, *People v Merchant,* 86 Mich App 355, 361; 272 NW2d 656 (1978).

The central question in this case, then, is whether, under any of the above rationales, the police were justified in searching the locked glove compartment. The *South Dakota v Opperman* case dealt with the inventory search of an unlocked glove compartment.

The inventory search of a locked trunk has been upheld, however. In *United States v Gerlach,* 350 F Supp 180 (ED Mich, 1972), an inventory search of a locked trunk was held as valid. The Court indicated, in pertinent part, that because the keys were left in the vehicle and no locks were forced, it was in the interest of the defendant and the police to inventory all property in places that were open or could be opened through use of the keys. There was no indication of an attempt to avoid

obtaining a warrant. The police were merely following good police procedures. In the instant case, defendant was not under suspicion at the time of the search but was himself the victim of a crime. The police were conducting a routine inventory for valid reasons rather than searching for evidence against the defendant.

An additional factor on the side of the propriety of the instant inventory search should be noted. The River Rouge police lot for impounded vehicles was located a half mile from the station and the record discloses that extensive vandalism was common at this site. Impounded automobiles were sometimes totally dismantled. For this reason, River Rouge police inventoried all impounded vehicles in the same manner as the instant one. Moreover, the instant vehicle was rendered unsecurable due to the fact that one window was shot out. Under this limited set of circumstances, we find the police properly inventoried all the areas of the automobile to preserve valuables and protect themselves against claims over lost or stolen property, *Merchant, supra,* 361.

Affirmed.