PEOPLE v GUY

Docket No. 52027. Submitted May 5, 1981, at Lansing.—Decided July 19, 1982. Leave to appeal applied for.

Defendant, Ronald E. Guy, was convicted by a jury in the Calhoun Circuit Court, Paul Nicolich, J., of breaking and entering an occupied dwelling with intent to commit a larceny and of an attempt to commit that offense. He subsequently pled guilty to being a second-felony offender and was sentenced to concurrent prison terms of 7-1/2 to 22-1/2 years for breaking and entering and 5 to 7-1/2 years for the attempt. Defendant appeals challenging the legality of a search of his briefcase conducted at the police station incident to this arrest on outstanding misdemeanor warrants. A cassette recorder found in the suitcase was admitted at the defendant's trial as evidence of the breaking and entering. Defendant also claims that he was not properly credited at sentencing for the correct amount of time previously served. *Held:*

1. At no time before or during trial did defendant challenge the legality of the search. However, because a constitutional question was raised and the evidence resulting from the search may have been outcome-determinative in this case, the Court of Appeals will disregard the procedural impediment and review the substantive issue presented.

2. The briefcase was opened and its contents inspected pursuant to a valid standard inventory procedure.

3. Nothing in the record indicates that either defendant's arrest or the opening of his briefcase constituted a mere pretext or subterfuge for criminal investigation by the police.

4. The conduct of the police in inventorying the contents of defendant's briefcase was reasonable under the United States and Michigan Constitutions and was, therefore, valid.

5. Defendant was erroneously credited with 138 days credit

REFERENCES FOR POINTS IN HEADNOTES
[1] 29 Am Jur 2d, Evidence §§ 411, 412.
    68 Am Jur 2d, Searches and Seizures § 62.
[2] 68 Am Jur 2d, Searches and Seizures §§ 97, 100.
[3] 46 Am Jur 2d, Judgments § 671 *et seq.*

instead of the correct figure of 146 days. The Court of Appeals thus ordered defendant to receive the additional credit of 8 days.

Affirmed as modified.

1. Appeal — Criminal Law — Evidence — Constitutional Law — Searches and Seizures.

The Court of Appeals may disregard the procedural impediment and review a constitutional question regarding the propriety of a search by which evidence against a defendant is obtained where the defendant raises the question for the first time on appeal and where the evidence resulting from the search may have been outcome-determinative in the lower court action.

2. Searches and Seizures — Inventory Procedure — Closed Containers.

A closed container obtained by police under a standard-type police inventory of the items in the defendant's possession at the time he was booked subsequent to his arrest may properly be opened; the justifications for such search are (1) the protection of property while held in police custody, (2) the protection of the police against claims over lost or stolen property, and (3) protection of the police from potential danger.

3. Appeal — Relief From Judgments — Court Rules.

The court rule regarding miscellaneous relief obtainable in the Court of Appeals provides that the Court of Appeals may give any judgment and make any order which ought to have been given or made and make such other and further orders and grant such relief as the case may require (GCR 1963, 820.1[7]).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Conrad J. Sindt,* Prosecuting Attorney, and *Samuel I. Durham, Jr.,* Assistant Prosecuting Attorney, for the people.

*P. E. Bennett,* Assistant State Appellate Defender, for defendant on appeal.

Before: M. J. Kelly, P.J., and Bronson and R. M. Daniels,* JJ.

* Circuit judge, sitting on the Court of Appeals by assignment.

R. M. DANIELS, J. On February 6, 1980, defendant was convicted by a jury of breaking and entering an occupied dwelling with intent to commit a larceny, and of an attempt to commit that offense. MCL 750.110; MSA 28.305 and MCL 750.92; MSA 28.287. He subsequently pled guilty to being a second-felony offender, contrary to MCL 769.10; MSA 28.1082, and was sentenced to concurrent prison terms of 7-1/2 to 22-1/2 years for breaking and entering and 5 to 7-1/2 years for the attempt. Defendant now appeals by right.

Steven Blankenburg testified at trial that on the evening of October 16, 1979, he was standing on the front porch of his home when he observed defendant, carrying a briefcase, open the screen door and front door of a house across the street, enter the premises, and emerge five to eight minutes later still carrying the briefcase and concealing an object underneath his coat. At this time Blankenburg telephoned the police.

Defendant disappeared behind a neighboring residence and when he reappeared he was carrying the briefcase, but no longer had anything under his coat. He then entered the enclosed front porch of a second house. A resident of that dwelling testified that a man opened the front door, peered around it, asked for a person who did not live there and then left.

Defendant had walked a short distance when police officer Terry Tobias stopped him and informed him of a complaint regarding a man walking into people's houses, and defendant stated that he was the one who had entered the homes. Tobias ran a radio file check on defendant, was informed of two outstanding misdemeanor warrants for defendant's arrest, and arrested defendant on the misdemeanor charges.

At the police station Tobias removed defendant's briefcase from him, opened it and discovered a cassette recorder-radio inside. Tobias, at that time, did not associate the recorder with any crime and consequently closed the briefcase, placed it in the holding evidence room and locked defendant up.

Later, residents of the first house defendant had entered informed Tobias that they were missing a cassette recorder, and their description of it matched the recorder previously inventoried in defendant's briefcase. Defendant was then arrested for breaking and entering. The cassette recorder found in his briefcase was identified at trial as the recorder reported missing from the site of defendant's initial entry.

Defendant now contends that the opening and inspection of his briefcase at the police station constituted an illegal search. He concedes that at no time before or during trial did defense counsel challenge the legality of this search. However, because a constitutional question is raised here and the evidence resulting from the search may have been outcome-determinative in this case, we will disregard the procedural impediment and review the substantive issue presented. *People v Harris,* 95 Mich App 507; 291 NW2d 97 (1980), *People v Merchant,* 86 Mich App 355; 272 NW2d 656 (1978), *People v Bukoski,* 41 Mich App 498; 200 NW2d 373 (1972).

Officer Tobias testified at trial that defendant's briefcase was opened and inspected pursuant to normal routine police procedure to "prevent *[sic]* us from claims of theft or damage to their own property". Defendant argues that the briefcase should have been inventoried simply as "one locked briefcase". We disagree and hold that the briefcase was opened and its contents inspected pursuant to a valid inventory search procedure.

In *People v Merchant, supra,* 361, this Court cited *South Dakota v Opperman,* 428 US 364; 96 S Ct 3092; 49 L Ed 2d 1000 (1976), and observed:

> "*[Opperman]* * * * clearly allows the opening of closed containers taken into custody by the police under standard police procedures. The justifications for such search are: (1) the protection of property while held in police custody; (2) protection of the police against claims over lost or stolen property; and (3) protection of the police from potential danger. *Opperman* has been cited with approval by this Court in *People v Boutell,* 80 Mich App 216; 263 NW2d 36 (1977)."

In the case at bar, defendant's briefcase was opened and its contents inspected pursuant to a standard-type police inventory of the items in defendant's possession at the time he was booked subsequent to his arrest on the outstanding misdemeanor warrants. Nothing in the record indicates that either defendant's arrest or the opening of his briefcase constituted a mere pretext or subterfuge for criminal investigation by the police. The conduct of the police in inventorying the contents of defendant's briefcase was reasonable under US Const, Am IV and Const 1963, art 1, § 11, and was, therefore, valid. *People v Merchant, supra. People v Miller,* 110 Mich App 270; 312 NW2d 225 (1981), criticizing *Merchant,* specifically did not involve a standard police inventory procedure such as that conducted in the instant case and is, therefore, readily distinguishable.

Defendant's contention that his briefcase should have been inventoried simply as "one locked briefcase" manifests a basic misconception regarding the proper manner in which the three essential purposes for an inventory search, as delineated in *Opperman, supra,* are to be realized. To proscribe

the opening of a closed container under the present facts would foreclose the police from attaining the legitimate objectives of a standard inventory procedure. We decline to so hold.

Defendant and the prosecution agree that at sentencing defendant was erroneously credited with 138 days for time previously served instead of the correct figure of 146 days. We therefore order that defendant receive an additional credit of eight days on his sentences in this case. GCR 1963, 820.1(7).

Affirmed as modified.