PEOPLE v LOREY

Docket No. 81459. Submitted October 21, 1986, at Detroit. Decided December 16, 1986.

Daniel E. Lorey was convicted of five counts of possession with intent to deliver controlled substances, following a jury trial in Detroit Recorder's Court, Henry L. Heading, J. He was sentenced to five concurrent prison terms of from one to four years, with credit for twenty-five days served. Defendant appealed, claiming error in the trial court's denial of his motion to suppress evidence seized without a warrant from a motel room registered to and occupied by another person whom defendant was visiting.

The Court of Appeals *held:*

1. Following the Michigan Supreme Court's decision in *People v Smith*, 420 Mich 1, on December 28, 1984, standing to challenge a search and seizure without a warrant under the Michigan or United States Constitution exists only where the individual has a reasonable expectation of privacy in the premises searched. A defendant no longer has automatic standing to contest a search and seizure where he is charged with an offense that includes, as an essential element, possession of the seized evidence at the time of the contested search and seizure. Since defendant in this case was merely visiting the motel room at the time the search was conducted, defendant had no reasonable expectation of privacy in the motel room and, therefore, is without standing to challenge the seizure and admission into evidence of drugs confiscated from that room.

2. The rule in *Smith* retroactively applies to cases commenced after December 28, 1984, and to those cases, like this one, pending on appeal as of December 28, 1984, in which the issue had been properly raised at trial.

Affirmed.

REFERENCES

Am Jur 2d, Searches and Seizures §§ 2, 4.

Uninvited entry into another's living quarters as invasion of privacy. 56 ALR3d 434.

See also the annotations in the Index to Annotations under Searches and Seizures.

SEARCHES AND SEIZURES — STANDING — REASONABLE EXPECTATION OF
  PRIVACY.
    A defendant must have a reasonable expectation of privacy in the
    premises searched in order to have standing to challenge the
    search or seizure; such rule applies to cases commenced after
    December 28, 1984, and to those cases pending on appeal as of
    December 28, 1984, in which the issue had been properly raised
    at trial.

*Frank J. Kelley,* Attorney General, *Louis J.
Caruso,* Solicitor General, *John D. O'Hair,* Prose-
cuting Attorney, and *Timothy A. Baughman,* Chief
of the Criminal Division Research, Training and
Appeals, for the people.

*Hoffa, Chodak & Robiner* (by *Norman R. Ro-
biner*), for defendant.

Before: D. F. WALSH, P.J., and M. J. KELLY and
C. W. SIMON,* JJ.

M. J. KELLY, J. Defendant appeals as of right
from jury convictions of five counts of possession
with intent to deliver five different types of con-
trolled substances, MCL 333.7403(2)(a)(iv); MSA
14.15(7403)(2)(a)(iv) and MCL 333.7403(2)(b); MSA
14.15(7403)(2)(b). He was sentenced on July 27,
1984, to five concurrent terms of from one to four
years in prison, receiving credit for twenty-five
days served. We affirm.

Prior to trial, defendant filed a motion to sup-
press evidence of the controlled substances confis-
cated by the police from Room 30 of the Airport
Motel in Detroit. It is undisputed that the police
did not have a warrant to search the motel room.
In support of his motion to suppress, defendant
argued, as he argues on appeal, that the search
was not justified under any of the established

---

* Circuit judge, sitting on the Court of Appeals by assignment.

exceptions to the warrant requirement. At the first hearing on defendant's motion to suppress, conducted February 8, 1984, the trial court sua sponte questioned whether defendant had standing to assert his search and seizure challenge as it was undisputed that Room 30 was registered to and occupied by one John Breedlove, and not by the defendant. The trial court took defendant's motion to suppress under advisement and allowed both parties the opportunity to file briefs on the issue of standing. At a hearing conducted March 7, 1984, the trial court denied defendant's motion without stating its reasons on the record. Defendant was convicted in July of 1984 and subsequently filed this appeal as of right.

On December 28, 1984, the Michigan Supreme Court released its decision in *People v Smith,* 420 Mich 1; 360 NW2d 841 (1984), expressly adopting the standing test applied by the federal courts in search and seizure cases. US Const, Am IV. Presently, standing to challenge a search without a warrant under the Michigan or United States Constitution exists only where the individual has a reasonable expectation of privacy in the premises searched. *People v Smith, supra,* pp 25-26; *United States v Salvucci,* 448 US 83; 100 S Ct 2547; 65 L Ed 2d 619 (1980). Since defendant in this case was merely visiting Breedlove's motel room at the time the search was conducted, defendant is, under *Smith,* without standing to challenge the seizure and admission into evidence of drugs confiscated from that room.

Defendant argues that the rule announced in *Smith* should be given prospective application only and thus should not bar his ability to challenge the search in the instant case. Under the old rule, defendant would have automatic standing to challenge the search of the motel room since an essen-

tial element of the crimes with which he is charged is his possession of the evidence seized in the course of the search. *Jones v United States,* 362 US 257; 80 S Ct 725; 4 L Ed 2d 697 (1960); *People v Godwin,* 94 Mich App 286; 288 NW2d 354 (1979).

The general rule, however, is that judicial decisions are applied retroactively unless the decision overrules prior law or reconstrues a statute, in which case retroactivity may be somewhat limited. "Complete prospective application has generally been limited to decisions which overrule clear and uncontradicted case law." *Hyde v University of Michigan Bd of Regents,* 426 Mich 223; 393 NW2d 847 (1986). Although it is true, as argued by defendant, that *Smith* overruled *People v Godwin, supra,* it is not true that the case law prior to *Smith* was clear and uncontradicted as to search and seizure standing. With its decision in *United States v Salvucci, supra,* released in 1980, the United States Supreme Court had clearly abandoned the automatic standing rule relied upon in *People v Godwin,* and the Michigan Supreme Court had not responded to that decision at the time defendant committed his offense or at the time of his trial. We thus are not persuaded that *Smith* should be prospectively applied.

However, because *Smith* did overrule *People v Godwin,* we find that its retroactivity should be limited to those cases commenced after December 28, 1984, and to those cases pending on appeal as of December 28, 1984, in which the issue had been properly raised at trial. Such limited retroactivity comports with the three-pronged test set forth in *People v Hampton,* 384 Mich 669; 187 NW2d 404 (1971), for determining whether a judicial decision overruling prior law should be retroactively or

prospectively applied. Application of *Smith* to cases commenced or pending on appeal after December 28, 1984, does not impede the efficient administration of justice since the cases affected are only those in which the issue is already before a trial or appellate court. Defendants in these cases may not be heard to complain about their reliance on prior judicial interpretations of search and seizure standing in ordering their illegal affairs. See *United States v Estrada,* 733 F2d 683, 684-685 (CA 9, 1984). Most importantly, however, we are reminded by the Supreme Court in *Smith* that Fourth Amendment rights have always been personal in nature and that the automatic standing rule departed from this established constitutional principle by allowing the vicarious assertion of Fourth Amendment rights. Since defendant never had any reasonable expectation of privacy in Breedlove's motel room, we find little reason to hold that he has a right to challenge the search of that room solely because it was conducted prior to December 28, 1984.

The trial court did not err in denying defendant's motion to suppress. Although the trial court did not expressly base its decision on the standing issue, standing was clearly raised and considered below. There is no dispute that Room 30 was never registered to, occupied or possessed by defendant in this case. Because defendant is without standing to challenge the search of Room 30, we need not consider whether the search was justified under exigent circumstances.

Affirmed.