# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

BRODERICK JASON SANDERS,

        Defendant-Appellant.

UNPUBLISHED
May 19, 2016

No. 326737
Muskegon Circuit Court
LC No. 14-065281-FH

Before: O'BRIEN, P.J., and K. F. KELLY and FORT HOOD, JJ.

PER CURIAM.

Defendant appeals as of right his jury trial convictions of carrying a concealed weapon (CCW), MCL 750.277; two counts of assault with a dangerous weapon (felonious assault), MCL 750.82; two counts of assaulting, resisting, or obstructing a police officer, MCL 750.81d(1); and two counts of possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b(1). Defendant was sentenced to 14 months to 5 years' imprisonment for CCW, 14 months to 4 years' imprisonment for each count of felonious assault, 14 months to 2 years' imprisonment for each count of assaulting, resisting, or obstructing a police officer, and two years' imprisonment for each count of felony-firearm. We affirm.

Defendant first argues that he was denied the effective assistance of counsel. We disagree. Because defendant failed to make a motion for a new trial or an evidentiary hearing with the trial court, his claim is unpreserved. *People v Heft*, 299 Mich App 69, 80; 829 NW2d 266 (2012). When an ineffective assistance of counsel claim is unpreserved, "this Court's review is limited to mistakes apparent from the record." *Id.* "To demonstrate ineffective assistance of counsel, a defendant must show that his or her attorney's performance fell below an objective standard of reasonableness under prevailing professional norms and that this performance caused him or her prejudice." *People v Nix*, 301 Mich App 195, 207; 836 NW2d 224 (2013), citing *People v Armstrong*, 490 Mich 281, 289-290; 806 NW2d 676 (2011). "To demonstrate prejudice, a defendant must show the probability that, but for counsel's errors, the result of the proceedings would have been different." *Nix*, 301 Mich App at 207. It is presumed that trial counsel used effective trial strategy, and a defendant has a heavy burden to overcome this presumption. *People v Payne*, 285 Mich App 181, 190; 774 NW2d 714 (2009).

Defendant first claims that defense counsel was ineffective at trial for failing to object to the lack of expert qualification of Detective Matt Kolkema for his testimony. We disagree.

-1-

Specifically, defendant complains of Detective Kolkema's testimony relating to a hooded sweatshirt and bullet casing. Initially, we note that we agree with the prosecution that the testimony from Detective Kolkema regarding the hooded sweatshirt and caliber of the bullet casing did not require expert testimony.[1] Regarding the hooded sweatshirt, Detective Kolkema stated that his testimony was based primarily on his observations of the sweatshirt itself. Similarly, the caliber of the bullet was imprinted on the casing that was found on defendant's person. Lay witness testimony may be rationally based on the perception of the witness. MRE 701. Thus, we are inclined to agree with the prosecution that Detective Kolkema's testimony did not require expert qualification.

However, even assuming that all or part of Detective Kolkema's testimony required expert qualification, we reject defendant's claim. Defendant fails to overcome the presumption that defense counsel's decision not to challenge Detective Kolkema's expert qualifications was sound trial strategy. *Payne*, 285 Mich App at 190. This Court has held that the decision whether to object to the qualifications of an expert witness is a matter of trial strategy. See *People v Cicotte*, 133 Mich App 630, 637; 349 NW2d 167 (1984). Here, trial counsel could have strategically chosen to refrain from objecting so the jury did not hear about Detective Kolkema's qualifications and to avoid having the trial court formally state that he was an expert. Such a strategy is consistent with the record, which was noticeably sparse regarding Detective Kolkema's 23-year police background. Indeed, defense counsel could have reasonably chosen not to object to the detective's likely admissible expert testimony in order to avoid the jury hearing lengthy testimony regarding Detective Kolkema's background and experience.

Second, defendant claims that defense counsel was ineffective at trial for failing to obtain an eyewitness identification expert where defendant's defense theory was that he was misidentified as the perpetrator of the shooting. Initially, we note that defendant has not identified the existence of an expert who would have testified for him or what such an expert might say to change the outcome of the case, and, thus fails to establish the factual predicate for his claim. *People v Carbin*, 463 Mich 590, 600; 623 NW2d 884 (2001). Moreover, the decision "to call or question witnesses is presumed to be [a] matter[] of trial strategy" and will only constitute ineffective assistance when it deprives defendant of a substantial defense. *People v Russell*, 297 Mich App 707, 716; 825 NW2d 623 (2012). Again, defendant has not overcome the presumption of trial strategy. Defense counsel cross-examined the victims in an attempt to show that their identification of defendant was suspect, and presented testimony from a witness to show that two people other than defendant were running away and could have been the individual that the victims chased. Defense counsel "may reasonably have been concerned that the jury would react negatively to perhaps lengthy expert testimony that it may have regarded as only stating the obvious: memories and perceptions are sometimes inaccurate." *People v Cooper*, 236 Mich App 643, 658; 601 NW2d 409 (1999). Because defendant cannot overcome the presumption of trial strategy, we reject this claim of error.

---

[1] Defendant also cites Detective Kolkema's explanation of a bullet casing. However, defendant does not allege that this testimony, specifically, affected the outcome of defendant's trial, although he does argue that it was expert testimony.

Third, defendant claims that defense counsel was ineffective for failing to examine the physical evidence—specifically, the hooded sweatshirt with the bullet holes in it, the bullet casing, and sandwich baggies. The prosecutor noted on the record that defense counsel did not set up an appointment to examine the physical evidence before trial. In providing objectively reasonable representation, defense counsel at trial "has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary." *People v Trakhtenberg*, 493 Mich 38, 52; 826 NW2d 136 (2012) (citation omitted).

Regarding the bullet casing, we do not agree that defense counsel's failure to examine the casing before trial fell below an objective standard of reasonableness. The police report stated that it was the casing for a .38 caliber bullet. Apparently, defendant did not express any objection to that description, and defendant's mother testified that defendant had a .38 caliber bullet casing in his possession for her. Thus, there does not appear to have been any concern regarding the caliber of the bullet casing so as to alert defense counsel there may be a reason to view the casing. Similarly, defendant claims that defense counsel should have viewed the sandwich baggies found on defendant and observed that one of the baggies contained a green leafy substance. Again, defendant could have (and should have) alerted defense counsel to the necessity to view the sandwich baggies for possible drug paraphernalia before trial as they belonged to him and were found on his person. Finally, regarding the hooded sweatshirt, defendant argues that counsel should have viewed it before trial. Had she done so, defendant conjectures, she would have realized that the bullet hole was on the right side of the sweatshirt, which defendant claims infers that the shooter fired with his right hand. However, there was nothing to suggest that the location of the hole on the sweatshirt had any connection to the right- or left handedness of the perpetrator.

In addition, we are not convinced that defendant can show a reasonable probability that the result of trial would have been different but for counsel's failure to investigate the physical evidence. The evidence that defendant was the shooter was very strong—the two victims of the felonious assault testified that they were one hundred percent certain that defendant was the person who shot at them, and one of the victims and a police officer testified that they saw defendant put the sweatshirt with the bullet holes in a garbage can shortly after the shooting. Examination of the physical evidence before trial would not have revealed any information to challenge this very damaging testimony. Accordingly, defendant's claim fails.

Fourth, defendant claims that defense counsel was ineffective because she elicited irrelevant testimony about the sandwich baggies found on defendant, thereby opening the door to highly prejudicial testimony by Detective Kolkema about how those baggies can be used for transporting drugs. However, defendant mischaracterizes the record. On cross-examination, the prosecutor elicited testimony that defendant, who claimed to be on his way to the store, had $100 on his person at the time of his arrest. On re-direct examination, defense counsel asked defendant where the money was from, and defendant responded that he received it from cutting grass and his allowance. On re-cross examination, the prosecutor questioned defendant further regarding the money, ultimately leading to the questioning regarding the sandwich baggies, and, later, Detective Kolkema's testimony. Thus, defense counsel did not elicit testimony regarding the sandwich baggies. To the extent that defense counsel's questioning defendant regarding the $100 led to an inquiry about the baggies, defendant cannot overcome the presumption of trial strategy. Defense counsel may have reasonably decided that defendant should explain to the jury

why defendant, aged 19 years old, would have $100 on his person. This is especially true given defendant's testimony on cross-examination that he was on his way to the store to purchase only one liter of Sprite and cigarillos. Defense counsel may have felt the need to explain why defendant would have a large amount of money on him at that time. Moreover, even assuming defense counsel's performance was deficient, defendant cannot show that a different result would have been probable but for the error. The baggies were only a peripheral issue in this case—defendant was not charged with or convicted of any drug offense—and as previously discussed, the evidence against defendant was very strong. Accordingly, we reject defendant's claim of error.

Fifth, defendant claims that defense counsel was ineffective for failing to ask for a continuance or a remand for a preliminary examination when the trial court allowed the prosecution to amend the information. On the day of trial, the prosecution moved to amend the information to add two counts of felony-firearm and an additional count of resisting or obstructing. The trial court allowed the amendment over defense counsel's objection. According to defendant, if defense counsel had requested a continuance or a remand, she would have properly preserved for appellate review the issue of adding charges on the day of trial, and she would have had more time to prepare to properly defend the felony-firearm charges. However, defense counsel properly preserved the issue by objecting to the additional charges. *People v Unger*, 278 Mich App 210, 221; 749 NW2d 272 (2008). Furthermore, defendant does not identify what more defense counsel could have or should have done to better prepare the defense. *Carbin*, 463 Mich at 600. Finally, no continuance may be granted by the trial court in a criminal case except for good cause shown. MCL 768.2. Because defense counsel could not show good cause for a continuance, a request for a continuance would have been meritless, and counsel cannot be found ineffective for failing to raise meritless issues. *People v Ericksen*, 288 Mich App 192, 201; 793 NW2d 120 (2010).

Defendant also argues that reversal is required because of the cumulative effect of the alleged errors in this case. Any one error standing alone may not justify reversal, but the cumulative effect of several errors can cause sufficient prejudice to warrant reversal. *People v Gaines*, 306 Mich App 289, 321-322; 856 NW2d 222 (2014). To prevail, the defendant must establish actual errors at trial, and the aggregate of the actual errors must lead to unfair prejudice. See *People v LeBlanc*, 465 Mich 575, 591 n 12; 640 NW2d 246 (2002). Because defendant has failed to demonstrate aggregate errors that cumulatively deprived him of fair trial, this claim of error must fail.

Defendant next argues that the trial court erred by allowing the prosecution to amend the information on the day of trial. We disagree. This Court reviews the trial court's decision to grant or deny a motion to amend an information for an abuse of discretion. *People v McGee*, 258 Mich App 683, 686-687; 672 NW2d 191 (2003). "An abuse of discretion occurs when the trial court reaches a result that is outside the range of principled outcomes." *People v Benton*, 294 Mich App 191, 195; 817 NW2d 599 (2011). "Both MCL 767.76 and MCR 6.112(H) authorize a trial court to amend an information before, during, or after trial." *McGee*, 258 Mich App at 686. Although MCL 767.76 does not authorize amendment of the information for the purpose of adding a new offense, *id*. at 688, MCR 6.112(H) does allow the information to be amended to charge a new crime or additional offense, as long as the addition of the new crime does not unfairly surprise or prejudice the defendant. *Id*. at 689. To the extent that MCR 6.112(H) is

inconsistent with MCL 767.76, as a rule of procedure MCR 6.112(H) supersedes MCL 767.76. *Id.*

In this case, the original information charged defendant with carrying a concealed pistol, two counts of felonious assault with a pistol, and resisting or obstructing Officer Joe Williams "and/or" Officer John Baker. The amended information added two counts of felony-firearm— one for each charge of felonious assault—and split the resisting and obstructing charge into two separate counts. Defendant cannot show that he was unfairly surprised or prejudiced by this amendment. Defendant was already prepared to defend against charges of assaulting two people with a pistol, and defending against the felony-firearm counts required no new preparation, strategy, or evidence, because defendant's theory of the case was that he was not the person with the gun. Thus, defendant cannot show that the trial court abused its discretion by allowing the information to be amended to add two counts of felony-firearm. See *People v Fortson*, 202 Mich App 13, 15; 507 NW2d 763 (1993) (finding that the trial court trial properly allowed the prosecutor to amend the information to add a felony-firearm count after an original charge of open murder). Similarly, defendant cannot show he was unfairly surprised or prejudiced by the additional count of resisting or obstructing. The defense was already prepared to defend against a resisting or obstructing charge as to Officer Williams "and/or" Officer Baker—the separation of that one combined count into two separate counts did nothing to change the way that the defense could have prepared to defend against them. Thus, there was no unfair surprise or prejudice, and the trial court did not abuse its discretion by allowing the amendment of the information. *McGee*, 258 Mich App at 692; MCR 6.112(H).

Affirmed.

/s/ Colleen A. O'Brien
/s/ Kirsten Frank Kelly
/s/ Karen M. Fort Hood