## PEOPLE v LONG (ON REMAND)

Docket No. 64416. Argued January 6, 1981 (Calendar No. 5).—Decided
June 14, 1982. Argued on remand from the Supreme Court of
the United States April 3, 1984 (Calendar No. 1).—Decided
December 3, 1984.

David K. Long was convicted by a jury in the Barry Circuit
Court, Hudson E. Deming, J., of possession of marijuana. The
trial court denied the defendant's motion to suppress, as uncon-
stitutionally obtained, evidence seized from the interior and
trunk of defendant's car by two deputies of the Barry County
Sheriff who had stopped the defendant's car for speeding. The
prosecutor contended that the deputies had made a "protec-
tive" search of the interior of the automobile after it came to a
stop because the defendant appeared to be "under the influence
of something" and the deputies saw a folded Browning knife on
the floor of the driver's side of the car. One deputy picked up
the knife, while the other conducted a pat-down search of the
defendant. Then the first deputy searched the defendant's
vehicle, and found a leather bag containing a plastic bag of
marijuana under the armrest of the front seat. The deputies
decided to arrest the defendant for possession of marijuana and
to impound the automobile. They then opened the trunk, and
inside they found two paper bags containing approximately 75
pounds of marijuana. The Court of Appeals, Cynar, P.J., and
D. F. Walsh and Bebeau, JJ., affirmed, holding that the search
of the interior of the automobile without a warrant was a
reasonable "protective" search and that the search of the trunk
was permissible to make an inventory of the contents of the
impounded automobile (Docket No. 78-3810). The Supreme
Court reversed, holding that the search of the passenger com-
partment of the vehicle was unreasonable, that the search of
the trunk was made incident to an unlawful arrest of the
defendant, and that thus the evidence of the marijuana was the
fruit of illegality and should have been suppressed. 413 Mich
461 (1982). The Supreme Court of the United States reversed

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 68 Am Jur 2d, Searches and Seizures §§ 34, 57, 103.5, 106.
Lawfulness of "inventory search" of motor vehicle impounded by
police. 48 ALR3d 537.

on the grounds that the decision of the Supreme Court of Michigan did not rest upon an adequate and independent state ground and that the search of the passenger compartment did not violate the federal constitution, and remanded the case to the Supreme Court of Michigan to determine whether the search of the trunk was permissible on federal grounds. *Michigan v Long,* — US —; 103 S Ct 3469; 77 L Ed 2d 1201 (1983).

On remand, in an opinion by Justice Cavanagh, joined by Chief Justice Williams and Justices Levin and Brickley, the Supreme Court *held:*

The search of the trunk of the defendant's vehicle was not a valid inventory search under the Fourth Amendment because the police department had no established or standard procedure for conducting inventory searches. Thus, evidence of the marijuana seized as a result of the search was not admissible.

1. The search of the trunk of the automobile and the seizure of the marijuana in it without a warrant were unreasonable and violated the Fourth Amendment of the United States Constitution. The people sought to justify the seizure as having been made pursuant to a valid inventory search following the defendant's arrest and the decision of the police to impound the automobile. However, unlike the situation in the case in which the Supreme Court of the United States upheld a valid inventory search, in this case the police followed no standard departmental policy pertaining to inventory searches. The personal "standard procedure" of the officer who conducted the inventory does not meet the requirements of reasonableness suggested by the Supreme Court of the United States. Without a departmental policy, too much discretion is placed in the hands of the officer, resulting in the possibility that his decision to conduct a search may be arbitrary.

2. The general verdict of guilty makes it impossible to determine whether the jury found the defendant guilty of possession of marijuana on the basis of the marijuana found in the passenger compartment or that found in the trunk. Thus, because evidence of the marijuana seized from the trunk was inadmissible, the admission of the evidence at trial was not harmless beyond a reasonable doubt, requiring remand for a new trial.

Justices Ryan and Boyle concurred in the judgment that evidence seized from the trunk of the defendant's automobile is not admissible because it was obtained as a result of a search without a warrant not permitted under the Fourth Amendment.

Justice Kavanagh, joined by Justice Levin, concurring, wrote

separately to make clear that whether or not the United States Constitution would have permitted the search of the interior of the defendant's car, the Michigan Constitution did not.

Reversed and remanded.

94 Mich App 338; 288 NW2d 629 (1979) reversed.

### OPINION OF THE COURT

1. SEARCHES AND SEIZURES — AUTOMOBILES — WITHOUT A WARRANT — INVENTORY SEARCHES.

    An inventory search by police of the trunk of an automobile incident to an arrest after deciding to impound the vehicle was not a valid inventory search under the Fourth Amendment because the department had no established or standard procedure for conducting inventory searches (US Const, Am IV).

2. SEARCHES AND SEIZURES — AUTOMOBILES — WITHOUT A WARRANT — INVENTORY SEARCHES.

    Seizure of marijuana without a warrant from the trunk of an automobile by the police at the scene of an arrest after deciding to impound the vehicle was not justifiable on the ground that the seizure was made pursuant to a valid inventory search where the police followed no standard policy for conducting inventory searches and permitting the searching officer to apply a personal standard of procedure would have placed too much discretion in the hands of the officer and could have resulted in the possibility that the decision to conduct a search might have been arbitrary.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Judy A. H. Hughes,* Prosecuting Attorney, and *Leonard J. Malinowski,* Assistant Attorney General, for the people.

*Vlachos, Jerkins & Hurley* (by *Joseph J. Jerkins)* and *James H. Geary* for the defendant.

### ON REMAND

CAVANAGH, J. In this case, on remand from the United States Supreme Court, we are asked to determine whether the search by the police of the trunk of the vehicle defendant was operating immediately prior to his arrest was permissible.

*Michigan v Long,* — US —; 103 S Ct 3469; 77 L Ed 2d 1201 (1983).

## I. PROCEDURAL HISTORY

This case needs little introduction. The trial court denied defendant's motions to suppress evidence of marijuana seized from both the passenger compartment and the trunk of a vehicle defendant was operating immediately prior to his arrest. Thereafter, defendant was convicted by a jury of possession of marijuana. MCL 335.341(4)(d); MSA 18.1070(41)(4)(d). He was sentenced to two years probation, assessed a fine of $750, and ordered to pay court costs of $300. The Court of Appeals affirmed his conviction, finding: (1) that the marijuana seized from the passenger compartment of the vehicle was properly admitted under *Terry v Ohio,* 392 US 1; 88 S Ct 1868; 20 L Ed 2d 889 (1968), and (2) that the marijuana seized from the trunk of the vehicle was properly admitted as the product of an inventory search under *South Dakota v Opperman,* 428 US 364; 96 S Ct 3092; 49 L Ed 2d 1000 (1976). *People v Long,* 94 Mich App 338; 288 NW2d 629 (1979).

In reversing defendant's conviction, we addressed at length only the former issue. Although citing both US Const, Am IV, and Const 1963, art 1, § 11, we merely found that the "warrantless search of the interior of the vehicle * * * violated the constitutional proscription against unreasonable searches and seizures". *People v Long,* 413 Mich 461, 471; 320 NW2d 866 (1982). That conclusion was based on our interpretation of *Terry, supra,* and other federal cases, *i.e.,* "*Terry* authorized only a limited pat-down search of a *person* suspected of criminal activity. That case did not authorize the search of an area". 413 Mich 472

(emphasis in original). As to the search of the trunk, we stated that it

"occurred subsequent to the deputies' decisions to arrest the defendant for possession of marijuana and to impound the car. The defendant's arrest was based on evidence obtained by unlawful police action. We find that the evidence of marijuana found in the trunk was the 'fruit' of that illegality which should have been suppressed. *Wong Sun v United States*, 371 US 471; 83 S Ct 407; 9 L Ed 2d 441 (1963)." 413 Mich 473.

Subsequently, the United States Supreme Court granted the prosecution's petition for a writ of certiorari, *Michigan v Long*, 459 US 904; 103 S Ct 205; 74 L Ed 2d 164 (1982), and reversed the decision of this Court, finding: (1) that our decision did not rest on an adequate and independent state ground, *i.e.*, Const 1963, art 1, § 11; *Michigan v Long*, — US —; 103 S Ct 3469; 77 L Ed 2d 1201, 1212-1216 (1983),[1] and (2) that the search of the

[1] "[W]hen, as in this case, a state court decision fairly appears to rest primarily on federal law, or to be interwoven with the federal law, and when the adequacy and independence of any possible state law ground is not clear from the face of the opinion, we will accept as the most reasonable explanation that the state court decided the case the way it did because it believed that federal law required it to do so. If a state court chooses merely to rely on federal precedents as it would on the precedents of all other jurisdictions, then it need only make clear by a plain statement in its judgment or opinion that the federal cases are being used only for the purpose of guidance, and do not themselves compel the result that the court has reached. In this way, both justice and judicial administration will be greatly improved. If the state court decision indicates clearly and expressly that it is alternatively based on bona fide separate, adequate, and independent grounds, we, of course, will not undertake to review the decision.

* * *

"Our review of the decision below under this framework leaves us unconvinced that it rests upon an independent state ground. Apart from its two citations to the state constitution, the court below relied exclusively on its understanding of *Terry* and other federal cases. Not a single state case was cited to support the state court's holding that the search of the passenger compartment was unconstitutional. Indeed, the court declared that the search in this case was unconstitu-

passenger compartment of the vehicle did not violate the federal constitution. 77 L Ed 2d 1217-1222.[2] Nevertheless, the Supreme Court found a

tional because '[t]he Court of Appeals erroneously applied the principles of *Terry v Ohio* * * * to the search of the interior of the vehicle in this case.' 413 Mich 471; 320 NW2d 869. The references to the state constitution in no way indicate that the decision below rested on grounds in any way independent from the state court's interpretation of federal law. Even if we accept that the Michigan constitution has been interpreted to provide independent protection for certain rights also secured under the Fourth Amendment, it fairly appears in this case that the Michigan Supreme Court rested its decision primarily on federal law." 77 L Ed 2d 1214-1216.

[2] "Although *Terry* did involve the protective frisk of a person, we believe that the police action in this case is justified by the principles that we have already established in *Terry* and other cases.

* * *

"Contrary to Long's view, *Terry* need not be read as restricting the preventative search to the person of the detained suspect.

* * *

"Our past cases indicate then that protection of police and others can justify protective searches when police have a reasonable belief that the suspect poses a danger, that roadside encounters between police and suspects are especially hazardous, and that danger may arise from the possible presence of weapons in the area surrounding a suspect. These principles compel our conclusion that the search of the passenger compartment of an automobile, limited to those areas in which a weapon may be placed or hidden, is permissible if the police officer possesses a reasonable belief based on 'specific and articulable facts which, taken together with the rational inferences from those facts, reasonably warrant' the officers in believing that the suspect is dangerous and the suspect may gain immediate control of weapons.[14]

---

"[14] We stress that our decision does not mean that the police may conduct automobile searches *whenever* they conduct an investigative stop, although the 'bright line' that we drew in *[New York v Belton*, 453 US 454; 101 S Ct 2860; 69 L Ed 2d 768 (1981)] clearly authorizes such a search whenever officers effect a custodial arrest. An additional interest exists in the arrest context, *i.e.*, preservation of evidence, and this justifies an 'automatic' search. However, that additional interest does not exist in the *Terry* context. A *Terry* search, 'unlike a search without a warrant incident to a lawful arrest, is not justified by any need to prevent the disappearance or destruction of evidence of crime * * *. The sole justification of the search * * *' is the protection of police officers and others nearby * * *.' 392 US 29. What we borrow now from *Chimel v California*, 395 US 752 [89 S Ct 2034; 23 L Ed 2d 685] (1969) and *Belton* is merely the recognition that part of the reason to allow area searches incident to an arrest is that the arrestee, who may not himself be armed, may be able to gain

remand to this Court necessary "to determine whether the trunk search was permissible under *Opperman, supra,* or other decisions of this Court". *Michigan v Long, supra,* 77 L Ed 2d 1222-1223.[3]

access to weapons to injure officers or others nearby, or otherwise to hinder legitimate police activity. This recognition applies as well in the *Terry* context. However, because the interest in collecting and preserving evidence is not present in the *Terry* context, we require that officers who conduct area searches during investigative detentions must do so only when they have the level of suspicion identified in *Terry." Michigan v Long, supra,* 77 L Ed 2d 1217-1221:

See *Terry,* 392 US 21. '[T]he issue is whether a reasonably prudent man in the circumstances would be warranted in the belief that his safety or that of others was in danger.' *Id.,* p 27. If a suspect is 'dangerous,' he is no less dangerous simply because he is not arrested. If, while conducting a legitimate *Terry* search of the interior of the automobile, the officer should, as here, discover contraband other than weapons, he clearly cannot be required to ignore the contraband, and the Fourth Amendment does not require its suppression in such circumstances. *Coolidge v New Hampshire,* 403 US 443, 465 [91 S Ct 2022; 29 L Ed 2d 564] (1971); *Michigan v Tyler,* 436 US 499, 509 [98 S Ct 1942; 56 L Ed 2d 486] (1978); *Texas v Brown,* 460 US 730, 744 [103 S Ct 1535; 75 L Ed 2d 502] (1983) (plurality opinion by Rehnquist, J., and opinion concurring in the judgment by Powell, J.).

"The circumstances of this case clearly justified Deputies Howell and Lewis in their reasonable belief that Long posed a danger if he were permitted to reenter his vehicle.

\* \* \*

"In this case, the officers did not act unreasonably in taking preventive measures to ensure that there were no other weapons within Long's immediate grasp before permitting him to reenter his automobile. Therefore, the balancing required by *Terry* clearly weighs in favor of allowing the police to conduct an area search of the passenger compartment to uncover weapons, as long as they possess an articulable and objectively reasonable belief that the suspect is potentially dangerous.

[3]                "IV

"The trial court and the court of appeals upheld the search of the trunk as a valid inventory search under this Court's decision in *South Dakota v Opperman,* 428 US 364 (1976). The Michigan Supreme Court did not address this holding, and instead suppressed the marijuana taken from the trunk as a fruit of the illegal search of the interior of the automobile. Our holding that the initial search was justified under *Terry* makes it necessary to determine whether the trunk search was permissible under the Fourth Amendment. However, we decline to address this question because it was not passed upon by the Michigan Supreme Court, whose decision we review in this case. See *Cardinale v Louisiana,* 394 US 437, 438 [89 S Ct 1162; 22 L Ed 2d 398] (1969). We remand this issue to the court below, to enable it to determine whether the trunk search was permissible under *Opper-*

On August 24, 1983, pursuant to the Supreme
Court's mandate, this Court issued the following
order:

"The Court having received the mandate of the Su-
preme Court of the United States, the Court's order of
June 14, 1982, is vacated. The parties are directed to
file supplemental briefs in 24 typewritten copies on the
question whether the search of the automobile trunk
was permissible under *South Dakota v Opperman,* 428
US 364 (1976), or the Michigan Constitution. Defendant-
appellant's supplemental brief and appendix, if neces-
sary, are to be filed and served not later than October 3,
1983, and plaintiff-appellee's brief shall be filed and
served not later than November 7, 1983." 417 Mich
1145 (1983).[4]

## II. FACTS

Although the facts underlying this case have
been summarized by our Court of Appeals, this

man, *supra,* or other decisions of this Court. See, *e.g., United States v
Ross,* 456 US 798 [102 S Ct 2157; 72 L Ed 2d 572] (1982).[17]

---

"[17] Long suggests that the trunk search is invalid under state law.
See Tr of Oral Arg, pp 41, 43-44. The Michigan Supreme Court is, of
course, free to determine the validity of that search under state law.

---

"V

"The decision of the Michigan Supreme Court is reversed, and the
case is remanded for further proceedings not inconsistent with this
opinion.

"It is so ordered." Michigan v Long, supra, 77 L Ed 2d 1222-1223.

[4] In addition to briefing the issue directed by this Court's order of
August 24, 1983, defendant also challenges the propriety of the search
of the passenger compartment as violative of Const 1963, art 1, § 11.
However, besides being outside the scope of this Court's order, that
issue is untimely. Indeed, defendant did not raise any state constitu-
tional claims until he was before the United States Supreme Court
and his reason for doing so now is meritless:

"The Supreme Court remanded the case for proceedings consistent
with its opinion. It would be consistent with the United States
Supreme Court's opinion to hold as a matter of state constitutional
law that the searches of Long and the interior of the car he was
driving were illegal."

Court, and the United States Supreme Court, we find our previous rendition to be both accurate and succinct: ·

"Shortly after midnight on August 25, 1977 while Deputies Howell and Lewis of the Barry County Sheriff's Department were on routine road patrol, they observed a car traveling past them in the opposite direction at an excessive speed. They turned their vehicle around and pursued the speeding vehicle. They saw the vehicle make a left turn, proceed down a side road, then swerve. The vehicle came to a stop with the front of the car in a shallow ditch and the back of the car on the roadway.

"As the deputies approached, the defendant, the only occupant of the car, got out of the car, leaving the driver's side door open, and met the deputies at the rear of the car. Deputy Howell asked the defendant to produce his driver's license. The defendant made no response. The deputy repeated his request, and the defendant produced his license. When asked for his vehicle registration and proof of insurance, the defendant again made no response. When the request was repeated, the defendant began walking toward the open door. At this juncture, Deputy Howell had formed the opinion that the defendant 'appeared to be under the influence of something'.

"The deputies followed the defendant. As they approached the open door, the deputies saw a closed folding Browning knife on the floorboard of the driver's side.[1] The defendant was told to halt and put his hands on the roof of the car. He did. One deputy picked up the knife while the other deputy conducted a pat-down search of the defendant, which produced no weapons.

"Deputy Howell then shined his flashlight into the front seat of defendant's car to search for other weapons and saw 'something leather' under the armrest. He knelt in the vehicle, lifted the armrest and observed an open leather pouch containing a small plastic bag of what appeared to be marijuana. According to the testimony of the deputies at trial, Mr. Long was standing by the rear of the car under the control of Deputy Lewis during Deputy Howell's search.

"Deputy Howell removed the pouch and showed it to Deputy Lewis. The defendant was arrested for possession of marijuana. The interior of the car was searched for additional contraband, and the glove compartment was searched for the registration certificate. Neither was found.

"The deputies decided to impound the car. Deputy Howell asked the defendant if he had a trunk key. The defendant stated that he had no key. The deputy, noticing that the trunk lock had been punched out, used his pocket knife and reached in and unlatched the latch. Deputy Howell testified as to why he opened the trunk as follows:

" 'Number one, because I already found marijuana, suspected marijuana, in the interior of the car, there may have been more in the trunk. Secondly, I check them for valuables. I do.'

"Upon opening the trunk the deputy found two paper bags, which were split open, containing approximately 75 pounds of marijuana.

"The defendant was handcuffed, placed in the police car and taken to the sheriff's department along with the towed car.

---

"[1] Browning is a brand of knife. This knife had a four-inch blade. The defendant was not charged with carrying a concealed weapon in violation of MCL 750.227; MSA 28.424." 413 Mich 468-470.

---

We also note, as did the Court of Appeals, 94 Mich App 343, that evidence introduced at trial tended to show that defendant did not own the vehicle in question. Obviously, from such evidence, defendant wanted the jury to draw the inference that he did not know that the vehicle contained contraband.

## III. ANALYSIS

The first question for our consideration is whether the search of the vehicle's trunk was a valid inventory search under US Const, Am IV.

We hold that it was not because the police department had no established or standard procedures for conducting inventory searches.[5] In this regard, we adopt in pertinent part the concurring opinion of the late Justice MOODY written when this case first appeared here:

"[A] different question is presented regarding the marijuana discovered in the trunk of the car. The prosecution limits its argument to the effect that the marijuana discovered in the trunk of the car was validly seized pursuant to a proper inventory search following defendant's arrest and a deputy's decision to impound the subject vehicle.[2] Relying upon *South Dakota v Opperman*, 428 US 364; 96 S Ct 3092; 49 L Ed 2d 1000 (1976), the prosecution contends that '[w]arrantless inventory searches of impounded cars are a proper caretaking function of the police'.

"Yet *Opperman* and the instant case involve clearly distinguishable fact situations. Accordingly, the reasoning set forth in *Opperman* does not apply. Therefore, the search of the trunk in the instant case was unreasonable and violated the Fourth Amendment to the United States Constitution.

"In *Opperman,* defendant's illegally parked car was towed to a city impound lot where a police officer observed a watch on the car's dashboard and other items of personal property located in the passenger area of the car. These items were visible from outside the car. A police officer inventoried the contents of the automobile using a standard inventory form pursuant to standard procedures of the local police department. Marijuana was found in the unlocked glove compartment. * * * The locked trunk of the vehicle was not searched.[3]

"The plurality opinion in *Opperman* concluded that

---

[5] Since we conclude that the inventory search was improper under federal constitutional law because of the lack of established or standardized procedures, we need not address defendant's state constitutional challenge. Furthermore, we need not determine at this time the permissible scope of a routine inventory search, or whether the intent of the officer conducting the inventory is a relevant consideration in determining the reasonableness of the search.

an inventory search without a warrant was not 'unreasonable' and did not violate the United States Constitution.[4] That opinion emphasized that * * * this was a routine administrative caretaking function performed pursuant to standard department procedures at the impound lot.

"The concurring opinion of Justice Powell emphasized that 'the search here was limited to an inventory of the unoccupied automobile and was conducted strictly in accord with the regulations of the Vermillion [South Dakota] Police Department'. 428 US 380. Justice Powell agreed that the constitution permits routine inventory searches. As he observed, '[i]nventory searches are conducted in accordance with established police department rules or policy and occur whenever an automobile is seized.' 428 US 383. 'Upholding searches of this type provides no general license for the police to examine all the contents of such automobiles.' 428 US 380. * * * Furthermore, and '[m]ore importantly, no significant discretion is placed in the hands of the individual officer'. 428 US 384.

\* \* \*

"In comparing the facts in *Opperman* and those in the instant case, significant differences emerge. * * *

"[The m]ost important [distinction is that] no standard departmental policy was followed, and no inventory form was introduced [in the instant case]. Although the officer testified as to his personal 'standard' procedure, this procedure does not meet the requirements of reasonableness as suggested in *Opperman*. A standard departmental practice gives some assurance that the particular vehicle or part of the vehicle was not singled out for a search based upon an improper motive.[9] Without a departmental policy, too much discretion is placed in the hands of a police officer. His decision to search may be an arbitrary one.

"Whether the *Opperman* rationale or a more restrictive interpretation of the Michigan Constitution is to be adopted by this Court is left for future determination. Nevertheless, as one commentator concluded after reviewing *Opperman:*

" 'What is needed in the vehicle inventory context, then, * * * is not probable cause but rather a regular-

ized set of procedures which adequately guard *[sic]* against arbitrariness.'

" 'Inventories should not be upheld under *Opperman* unless the government shows that there exists an established reasonable procedure for safeguarding impounded vehicles and their contents and that the challenged police activity was essentially in conformance with that procedure. This means that a purported inventory should be held unlawful when it is not shown, "for [instance], that standard inventory forms were completed and kept for future reference (showing presence or absence of valuables), nor that a place of safekeeping for valuables so secured was maintained." ' 2 LaFave, Search and Seizure, § 7.4, pp 576-577, quoting *State v Jewell,* 338 So 2d 633, 639 (La, 1976).

"Accordingly, the procedures followed in this case fail even to measure up to *Opperman's* requirements.

---

"2 Plaintiff, in a brief footnote, concludes that the search of the trunk may have *arguably* been a search incident to defendant's arrest. We decline to rule on that question as the argument is not relied upon or developed in this case. Nor does the plaintiff rely upon the 'automobile exception' to the warrant requirement in order to justify the search of the trunk. *Cf. United States v Ross,* [456] US [798]; 102 S Ct 2157; [72] L Ed 2d [572] (1982) (search of closed container in automobile). Furthermore, *Ross* and the 'automobile exception' do not address inventory searches. *Id.,* p 809, fn 11.

"3 In the instant case the unlocked trunk was searched. In *Opperman,* the unlocked glove box was searched, but not the locked trunk. The fact that a trunk was searched in the instant case does not by itself suggest an unreasonable search. It could be argued that it is more reasonable to inventory an unlocked trunk than a locked trunk.

"4 US Const, Am IV provides:

" 'The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.'

"A number of courts have interpreted the search and seizure provisions of state constitutions in a more restrictive manner and have refused to permit various inventory searches. *E.g., State v Opperman,* 247 NW2d 673 (SD, 1976), and *State v Sawyer,* 174 Mont 512; 571 P2d 1131 (1977) (inventory search restricted to safeguarding articles in plain view), *Miller v State,* 403 So 2d 1307 (Fla, 1981) (advice must be given to owner or possessor, if present, that vehicle will be impounded unless such person provides a reasonable alternative).

\* \* \*

"⁹ As to motive, the Court of Appeals opinion states:

" 'Deputy Howell testified that his inspection of the vehicle's trunk was motivated by a belief that discovery of the plastic bag of marijuana inside the car suggested the possibility of additional marijuana in the trunk, and because it was his policy to check for valuables to protect himself against subsequent claims by the vehicle's owner.' *People v Long*, 94 Mich App 338, 348; 288 NW2d 629 (1979)." 413 Mich 481-486 (MOODY, J., *concurring*).

For the reasons expressed by Justice MOODY, the marijuana seized from the trunk was not admissible as evidence at defendant's trial.[6] Further, given the general jury verdict of guilt, we cannot say that the error in admitting that evidence was harmless beyond a reasonable doubt. Indeed, the general verdict makes it impossible to determine whether the jury found defendant guilty of possession of marijuana on the basis of the marijuana found in the passenger compartment or of that found in the trunk. Consequently, defendant must be afforded a new trial.

## IV. CONCLUSION

Whenever a motor vehicle has been lawfully impounded, the Fourth Amendment permits the

[6] The United States Supreme Court's remand order directed that we determine whether the search of the trunk was permissible even in the absence of a valid inventory search. Other possible justifications for the search are that it was conducted as part of a search incident to arrest or pursuant to the "automobile exception" to the warrant requirement. The prosecution, however, neither relied upon nor developed any argument that the search of the trunk was a valid search incident to an arrest. Rather, the prosecution merely mentioned the idea in a solitary footnote. See *Long, supra*, 413 Mich 481, fn 2 (MOODY, J., *concurring*). Further, the prosecution abandoned that claim before the United States Supreme Court and it does not present any argument based on that theory now. Thus, we view that claim as waived. In addition, the prosecution never mentioned the automobile exception to justify the search of the trunk. Thus, although that claim was presented to the United States Supreme Court and is advanced here now, we view it too as waived.

police, absent a warrant, to conduct an inventory search pursuant to standard procedures, so long as the police department has established or standard procedures for conducting inventory searches. The judgment of the Court of Appeals is reversed, defendant's sentence is vacated, and this case is remanded to the Barry Circuit Court. Upon retrial, evidence of the marijuana seized from the trunk of the vehicle in question shall not be admitted as substantive evidence of guilt.

WILLIAMS, C.J., and LEVIN and BRICKLEY, JJ., concurred with CAVANAGH, J.

RYAN and BOYLE, JJ., concurred in the judgment.

KAVANAGH, J. *(concurring in reversal).* I agree that the search of the trunk was improper for the reasons Justice CAVANAGH sets forth. I write separately to reiterate my conviction that the warrantless search of the interior of the car violated Const 1963, art 1, § 11.

The extension of *Terry v Ohio,* 392 US 1; 88 S Ct 1868; 20 L Ed 2d 889 (1968), to the area around the arrest is certainly the province of the United States Supreme Court. Its conclusion that Am IV of the United States Constitution is not offended thereby is disturbing. When in Const 1963, art 1, § 11 the citizens of Michigan eschewed warrantless searches, they might have been confident that the United States Constitution forbade them. Our first opinion in this case no doubt should have made it clearer that whether or not the United States Constitution be later read to allow them, the Michigan Constitution does not.

LEVIN, J., concurred with KAVANAGH, J.