PEOPLE v Van DIVER

Docket No. 77352. Submitted November 14, 1984, at Detroit.—Decided February 4, 1985.

Defendant, Robert W. Van Diver, was charged with carrying a weapon in a motor vehicle and possession of cocaine. The Recorder's Court of Detroit, Donald L. Hobson, J., granted the defendant's motion to suppress the evidence and dismissed the charges. The people appealed, alleging that the handgun and cocaine which were found in a search of defendant's automobile were admissible into evidence and that the court erred by suppressing the evidence. *Held:*

Under the facts of this case the arresting officers had a reasonable belief that the defendant was dangerous and had a gun in his possession. The officers were justified in searching the passenger compartment of defendant's automobile for the weapon. The fruits of that search should not have been suppressed.

Reversed.

SEARCHES AND SEIZURES — AUTOMOBILES — WEAPONS — CONTRABAND.

A police officer may permissibly search the passenger compartment of an automobile when the driver has been stopped for investigation and the officer has a reasonable belief, based on specific and articulable facts, that the suspect is dangerous and may be carrying a weapon; further, if during such a legitimate search the officer discovers contraband other than weapons such contraband is admissible into evidence.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *John D. O'Hair,* Prosecuting Attorney, *Edward Reilly Wilson,* Deputy Chief, Civil and Appeals, and *A. George Best II,* Assistant Prosecuting Attorney, for the people.

*Richard H. Morgan, Jr.,* for defendant.

REFERENCES FOR POINTS IN HEADNOTE
29 Am Jur 2d, Evidence § 410 *et seq.*
68 Am Jur 2d, Search and Seizure §§ 16, 23, 102.5.

Before: Hood, P.J., and Bronson and R. L. Tah-
vonen,* JJ.

Bronson, J. Defendant was originally charged
with carrying a weapon in a motor vehicle, MCL
750.227; MSA 28.424, and possession of cocaine,
MCL 333.7403(2)(a)(iv); MSA 14.15(7403)(2)(a)(iv).
Defendant moved to have the evidence suppressed
and, following an evidentiary hearing, the trial
court granted defendant's motion. Defendant then
moved to have the charges dismissed, which the
court granted on the grounds that there was no
longer any corpus of the crime. The prosecutor
now appeals the trial court's order granting defen-
dant's motion to suppress. We reverse, and rein-
state the charges against defendant.

The facts leading up to defendant's arrest are as
follows. A security guard on duty at the Merrill
Drug Store witnessed two men arguing vehemen-
tly outside the front doors of the store. The
security guard identified defendant as one of the
men arguing. The second man, who acted very
frightened, indicated that he wanted to enter the
store but was not allowed in. Defendant then
pushed the second man, entered a white foreign
car and drove away. After defendant drove off, the
second man told the security guard that defendant
had a gun and was going to kill him. The man
then ran off in the opposite direction from that
taken by defendant. The security guard did not see
the gun. He did, however, call the police, and
informed the officers of what he saw and what the
second man had told him. Approximately 15 min-
utes later, while talking to the officers, the secu-
rity guard indicated that a white foreign car which

* Circuit judge, sitting on the Court of Appeals by assignment.

was then driving by was the same car in which defendant had earlier driven away.

The officers followed defendant and pulled him over. Before defendant exited from his car, he reached over and placed something in the glove compartment. The officers patted defendant down looking for the gun and asked for defendant's license and car registration. Defendant was placed under arrest after he failed to produce a license or registration. While defendant was being patted down for weapons, the other officer opened the glove compartment and discovered a .32-caliber handgun. A full search of the car and of defendant's person later turned up cocaine, a large amount of cash and blank prescription pads.

Before we turn to the issue presented, it is necessary to state that this case does not involve a search incident to the lawful arrest of defendant for failing to possess either a license or registration. See, *New York v Belton,* 453 US 454; 101 S Ct 2860; 69 L Ed 2d 768 (1981); *People v Cavitt,* 86 Mich App 59; 272 NW2d 196 (1978). The officers in the instant case testified that they opened the glove compartment and looked around the front seat before knowing that defendant did not have his license. The officers clearly stated that they were looking for the gun defendant supposedly had and which they did not find while patting him down.

We believe that this case is governed by *Michigan v Long,* 463 US 1032; 103 S Ct 3469; 77 L Ed 2d 1201 (1983). In *Long,* defendant was arrested and convicted of possession of marijuana. Two officers investigated after defendant's car swerved into a shallow ditch. The officers observed a knife on the floorboard of the driver's side of the car and subjected defendant to a protective frisk which revealed no weapons. One officer continued to

examine the front seat of the car looking for possible weapons and noticed something protruding from under the armrest. The officer knelt in the vehicle, lifted the armrest and examined an open pouch which contained marijuana. Defendant was then arrested, and the interior of the car was searched. The officers decided to impound the vehicle, and one officer opened the trunk revealing approximately 75 pounds of marijuana.[1]

On appeal, this Court affirmed defendant's conviction, holding that the precautionary lifting of the armrest was constitutionally valid as a reasonable protective search. *People v Long,* 94 Mich App 338; 288 NW2d 629 (1979). Our Supreme Court reversed, holding that the search of the car's interior was not justified and that the marijuana in the trunk was the fruit of an illegal search. *People v Long,* 413 Mich 461; 320 NW2d 866 (1982).

The United States Supreme Court reversed our Supreme Court, holding that the protective search of the passenger compartment was reasonable under the principles articulated in *Terry v Ohio,* 392 US 1; 88 S Ct 1868; 20 L Ed 2d 889 (1968). In *Terry,* the Court held that when the officer has a reasonable belief "that the individual whose suspicious behavior he is investigating at close range is armed and presently dangerous to the officer or to others, it would appear to be clearly unreasonable to deny the officer the power to take necessary measures to determine whether the person is in fact carrying a weapon and to neutralize the

---

[1] The United States Supreme Court remanded for a determination of whether the inventory search of the trunk was permissible. Our Supreme Court recently answered this question in the negative, holding that the search of the trunk violated the requirements of *South Dakota v Opperman,* 428 US 364; 96 S Ct 3092; 49 L Ed 2d 1000 (1976). *People v Long (On Remand),* 419 Mich 636; 359 NW2d 194 (1984).

threat of physical harm". *Id.,* p 24; see, also, *Adams v Williams,* 407 US 143; 92 S Ct 1921; 32 L Ed 2d 612 (1972). Relying on *Terry* and *Williams,* the Court in *Long* held:

"These principles compel our conclusion that the search of the passenger compartment of an automobile, limited to those areas in which a weapon may be placed or hidden, is permissible if the police officer possesses a reasonable belief based on 'specific and articulable facts which, taken together with the rational inferences from those facts, reasonably warrant' the officers in believing that the suspect is dangerous and the suspect may gain immediate control of weapons. \* \* \* '[T]he issue is whether a reasonably prudent man in the circumstances would be warranted in the belief that his safety or that of others was in danger.' *Id. [Terry],* at 27, 20 L Ed 2d 889, 88 S Ct 1883, 44 Ohio Ops 2d 383. If a suspect is 'dangerous,' he is no less dangerous simply because he is not arrested. If, while conducting a legitimate TERRY search of the interior of the automobile, the officer should, as here, discover contraband other than weapons, he clearly cannot be required to ignore the contraband, and the Fourth Amendment does not require its suppression in such circumstances." (Footnote omitted.) 463 US —; 103 S Ct 3480-3481; 77 L Ed 2d 1220.

We believe that, under the facts of this case, the officers possessed an articulable and objectively reasonable belief that defendant was potentially dangerous. At the time defendant was stopped, the police had a reasonable belief that defendant had a gun in his possession and had threatened the life of the person he was fighting with at the drug store. The officers reasonably relied on the information given to them by the store security guard who later testified at defendant's suppression hearing. See, *Adams v Williams, supra.* The officers witnessed defendant placing something in the

glove compartment prior to exiting from the vehicle. The officers stopped defendant for questioning and searched the glove compartment based solely upon their belief that defendant had a dangerous weapon. See *Michigan v Long, supra,* fn 16, 463 US —; 103 S Ct 3482; 77 L Ed 2d 1221.

We therefore reverse the trial court and reinstate the charges against defendant.

Reversed and remanded.