PEOPLE v KREZEN

Docket No. 71895. Submitted October 2, 1984, at Grand Rapids.—
Decided May 20, 1985. Leave to appeal applied for.

Sandra Lee Krezen was convicted of separate charges of posses-
sion of cocaine and of possession of cocaine with intent to
deliver following a jury trial in Kent Circuit Court, Roman J.
Snow, J. Prior to trial, defendant moved to suppress the intro-
duction of hypodermic syringes, a vial containing cocaine resi-
due and instruments associated with cocaine use which had
been found in a purse located in her parked automobile during
an inventory search following her arrest. Defendant was ar-
rested at the Kent County Airport freight terminal when she
came to pick up a package from California containing a quan-
tity of cocaine. Defendant had left her automobile legally
parked and locked in the parking lot of the terminal. After
defendant's arrest in the terminal, police impounded her auto-
mobile and conducted the inventory search which resulted in
the seizure of the syringes, vial and drug paraphernalia. The
trial court refused to suppress the introduction into evidence of
the seized items, holding that they had been discovered during
a proper inventory search. Defendant appealed. *Held:*

1. Inventory searches of impounded automobiles are among
the few specifically established and well-delineated exceptions
to the general rule that searches without a warrant are per se
unreasonable under both the state and federal constitutions.
However, the validity of an inventory search rests upon there
being a lawful impoundment of the automobile.

2. The decision to impound an automobile is addressed to the
sound discretion of the police officer. The exercise of that
discretion requires the officer to determine if the impoundment
is both necessary and reasonable under the circumstances.

3. It is imminently reasonable for a police officer who arrests
the owner or permissive user of an automobile to either obtain

REFERENCES FOR POINTS IN HEADNOTES

[1-3, 5, 6] 68 Am Jur 2d, Searches and Seizures §§ 34, 57, 106.
    Lawfulness of "inventory search" of motor vehicle impounded by
    police. 48 ALR3d 537.
[4] 7A Am Jur 2d, Automobiles and Highway Traffic § 284.

that person's consent to impound the automobile and to make an inventory search for the purpose of securing and protecting the vehicle and its contents or to permit that person to make alternate arrangements relative to the automobile, including deciding to leave it lawfully parked but unattended.

4. Impoundment is not necessary where an automobile is lawfully parked, does not impede the regular flow of traffic and does not otherwise pose any threat to public safety and where the owner or permissive user neither requests nor consents to impoundment. Accordingly, it was an abuse of discretion to impound defendant's automobile. Since the impoundment was not proper, the inventory search was invalid and the seized items should not have been admitted into evidence.

Reversed and remanded.

D. E. HOLBROOK, JR., P.J., dissented. He would hold that since the defendant's automobile was parked in an isolated area with the purse in plain view, it would be attractive to thieves. Accordingly, impoundment for the purpose of protecting the property was proper and the inventory search and seizure were proper. He would affirm.

## OPINION OF THE COURT

1. SEARCHES AND SEIZURES — SEARCH WITHOUT WARRANT — PER SE RULE — INVENTORY SEARCHES.

Searches without a warrant are per se unreasonable under both the federal and state constitutions and will be allowed only under a few specifically and well-established exceptions; one of the exceptions is an inventory search, conducted pursuant to established standard department procedures, of a motor vehicle which has been properly impounded by the police (US Const, Am IV; 1963 Const, art 1, § 11).

2. SEARCHES AND SEIZURES — AUTOMOBILES — INVENTORY SEARCHES — IMPOUNDMENT.

The validity of an inventory search of a motor vehicle rests in large part on whether the initial decision to impound the vehicle was a proper exercise of the police officer's discretion; the exercise of that discretion requires the officer to determine if the impoundment of the vehicle is both necessary and reasonable under the circumstances.

3. CRIMINAL LAW — AUTOMOBILES — IMPOUNDMENT — INVENTORY SEARCHES.

The state has the burden of showing that impoundment of a motor vehicle for safekeeping following the arrest of the driver was both necessary and reasonable under the circumstances; if

it is determined that the police officer abused his discretion by impounding the vehicle, any subsequent inventory search of the vehicle must be held to be invalid.

4. CRIMINAL LAW — AUTOMOBILES — IMPOUNDMENT.

A police officer who arrests the owner or permissive user of a motor vehicle should not impound the vehicle for safekeeping purposes if the vehicle is lawfully parked, does not impede the regular flow of traffic and does not otherwise pose a threat to public safety where such owner or user neither requests that the vehicle be impounded nor gives consent to the impounding of the vehicle; where there is no request or consent to the impounding of the vehicle under those circumstances, it will be presumed that the owner or permissive user of the automobile assumes the risk of any claims of loss or damage to the vehicle.

5. SEARCHES AND SEIZURES — AUTOMOBILES — INVENTORY SEARCHES — IMPOUNDMENT — EVIDENCE.

It is error to admit into evidence items found during an inventory search of a motor vehicle which has been impounded for safekeeping where it is found that the police abused their discretion in determining that impoundment was reasonable and necessary under the circumstances; the erroneous admission of such evidence constitutes error mandating reversal where it cannot be said to be harmless error.

DISSENT BY D. E. HOLBROOK, JR., J.

6. CRIMINAL LAW — AUTOMOBILES — IMPOUNDMENT — INVENTORY SEARCHES — EVIDENCE.

*It is proper for the police to impound the vehicle of a person who has been arrested for a felony where the vehicle is legally parked in a parking lot but the parking lot is an isolated area and valuables were left in plain view so as to be an attractive incentive to potential thieves and where there is no indication that the impoundment was a mere pretext to justify a search; an inventory search made pursuant to a reasonable and proper impoundment is proper and items discovered during such an inventory search are admissible into evidence.*

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *David H. Sawyer,* Prosecuting Attorney, and *Timothy K. McMorrow,* Chief Appellate Attorney, for the people.

*George S. Buth,* for defendant.

Before: D. E. HOLBROOK, JR., P.J., and MAC-KENZIE and R. LAMB,* JJ.

MACKENZIE, J. The issue in this case is whether an inventory search of an automobile violated the Fourth Amendment prohibition against unreasonable searches and seizures when the search was not incident to the defendant's arrest, the automobile was lawfully and safely parked, and the officers did not seek alternative arrangements for the car's disposition or obtain the defendant's consent to the impoundment. We find the threshold decision to impound under these facts was an abuse of discretion.

On September 11, 1982, defendant drove her car to the Kent County Airport, parked and locked it in the air freight parking lot, and proceeded inside to the United Airlines service desk to claim a package that had arrived for her that morning from California. Immediately after signing for the package, defendant was arrested by an officer of the Grand Rapids police department who had been advised by California authorities that the package contained cocaine. Pursuant to standard departmental policy, another officer, who had remained in the parking lot during defendant's arrest, impounded defendant's car and conducted an inventory search of its contents. Defendant's purse, which had been left closed on the front seat, was found to contain three hypodermic syringes, a brown vial with cocaine residue, and instruments associated with the use of cocaine.

As a result of the search of her car and purse, defendant was charged with possession of cocaine in violation of MCL 333.7403; MSA 14.14(7403). Defendant was further charged with possession of cocaine with intent to deliver, MCL 333.7401(1),

_____

* Circuit judge, sitting on the Court of Appeals by assignment.

333.7401(2)(a)(iv);        MSA        14.15(7401)(1),
14.15(7401)(2)(a)(iv), for her receipt of the air
freight package.

Prior to trial defendant moved to suppress the
evidence found in her car, arguing that it was
obtained as the result of an illegal search. The
trial court found that the search was a properly
conducted inventory search, citing *South Dakota v
Opperman,* 428 US 364; 96 S Ct 3092; 49 L Ed 2d
1000 (1976), and denied the motion. Defendant was
convicted by a jury as charged and appeals as of
right.

The Fourth Amendment to the Constitution of
the United States, made applicable to the states by
way of the Fourteenth Amendment, see *Mapp v
Ohio,* 367 US 643; 81 S Ct 1684; 6 L Ed 2d 1081
(1961), guarantees "[t]he right of the people to be
secure in their persons, houses, papers, and effects,
against unreasonable searches and seizures". US
Const, Am IV. A search without a warrant, *i.e.,*
one conducted "outside the judicial process, with-
out prior approval by judge or magistrate", *Katz v
United States,* 389 US 347, 357; 88 S Ct 507; 19 L
Ed 2d 576 (1967), is per se unreasonable under
both the federal and state constitutions. US Const,
Am IV; Const 1963, art 1, § 11. *United States v
Ross,* 456 US 798, 825; 102 S Ct 2157; 72 L Ed 2d
572 (1982), quoting *Mincey v Arizona,* 437 US 385,
390; 98 S Ct 2408; 57 L Ed 2d 290 (1978). *People v
Heard,* 65 Mich App 494, 498; 237 NW2d 525
(1975). This cardinal principle is subject only to "a
few specifically established and well-delineated ex-
ceptions". *United States v Ross, supra. People v
Castle,* 126 Mich App 203, 207; 337 NW2d 48
(1983).

One such exception has been recognized in situa-
tions where the police, pursuant to their "commu-
nity caretaking functions", *Cady v Dombrowski,*

413 US 433, 441; 93 S Ct 2523; 37 L Ed 2d 706 (1973), impound a privately owned motor vehicle. *South Dakota v Opperman, supra,* p 368; see *People v Boutell,* 80 Mich App 216; 263 NW2d 36 (1977), *lv den* 402 Mich 877 (1978). Once in their custody, the police are authorized to conduct without a warrant an "inventory" search of the vehicle for the purpose of securing or protecting the contents therein against theft or vandalism, provided however that the search is not merely a pretext concealing investigatory motives. *South Dakota v Opperman, supra,* p 376; *People v Castle, supra,* p 208. This procedure has been justified on three distinct grounds: (1) the protection of property while held in police custody; (2) protection of the police against claims over lost or stolen property; and (3) protection of the police from potential danger. *People v Merchant,* 86 Mich App 355, 361; 272 NW2d 656 (1978). *South Dakota v Opperman, supra,* p 369. *Cf.* 48 ALR3d 537, § 2[a], p 547, fn 1. Our own Supreme Court has recently held that:

> "Whenever a motor vehicle has been lawfully impounded, the Fourth Amendment permits the police, absent a warrant, to conduct an inventory search pursuant to standard procedures, so long as the police department has established standard procedures for conducting inventory searches". *People v Long (On Remand),* 419 Mich 636, 649-650; 359 NW2d 194 (1984).

The validity of an inventory search rests in large part upon the initial decision by the police to impound a vehicle. It is well established in Michigan and in other jurisdictions that the search of a vehicle cannot be justified as one undertaken to secure its contents unless it was first lawfully impounded. *People v Long, supra. People v Rocha,* 110 Mich App 1, 12; 312 NW2d 657 (1981); *People v Castle, supra,* pp 206-207; *People v Siegel,* 95

Mich App 594, 605; 291 NW2d 134 (1980); *People v Roberson,* 80 Mich App 241, 243; 263 NW2d 42 (1977); 68 Am Jur 2d, Searches & Seizures, § 57, p 708; Anno: *Lawfulness of "inventory search" of motor vehicle impounded by police,* 48 ALR3d 537, §§ 5-6, pp 551-558.

The initial decision of whether to impound a vehicle has been held to be within the discretion of the individual police officer. *People v Castle, supra,* pp 206-207. We find that, despite the standard policy of the Grand Rapids police department to impound and inventory all motor vehicles following the arrests of their drivers, the officer's decision here to impound defendant's vehicle was an abuse of discretion.

This finding is premised on our belief that the mere possibility of theft or vandalism to the contents of a vehicle left unattended, which, if realized, may in turn lead to claims against the police for loss or damages, does not compare in importance with the preservation of basic constitutional guarantees. Standard police procedures such as those followed in Grand Rapids are simply too broad when viewed against the backdrop of the Fourth Amendment. Instead of allowing an officer to exercise his individual discretion, such blanket policies encourage police to impound and inventory each and every vehicle whose driver is taken into custody, regardless of whether such action is necessary or reasonable under the circumstances. Procedures to safeguard both motor vehicle and the police in such situations can and must be better tailored to fit the dictates of our state and federal constitutions.

We therefore hold that an officer who takes the driver of a motor vehicle into police custody or who otherwise finds a motor vehicle left unattended cannot thereafter impound the vehicle for

safekeeping without first determining that such action is both necessary and reasonable under the circumstances. The burden is on the state to show that any impoundment is both necessary and reasonable. *People v Siegel, supra,* p 601; *People v Castle, supra,* p 207. If it is determined that an abuse of discretion has occurred, a subsequent inventory search must be held to be invalid. *People v Castle, supra,* p 209; *People v Siegel, supra,* p 605.

We further hold that, where the owner or permissive user of a motor vehicle is present and not incapacitated, it is imminently reasonable for the arresting officer to first obtain the owner's consent to impound and search the vehicle or otherwise allow the owner a reasonable opportunity to make alternate arrangements to secure the vehicle. See *People v Morgan Clark,* 68 Mich App 674, 686-687; 243 NW2d 914 (1976) (dissent of NOBLE, J.). For instance, an owner might make a reasonable decision to leave his vehicle lawfully parked at or near the point of his arrest, albeit unattended, if his detention is expected to be merely temporary. Or an owner might decide to give physical custody of his vehicle to a friend, relative, or passenger. By making such arrangements in lieu of impoundment, an owner may also avoid the incidental costs (towing and storage) that would otherwise be assessed against him.

Finally, we hold that impoundment is not necessary where a car is *lawfully* parked, does not impede the regular flow of traffic, and does not otherwise pose any threat to public safety. If an owner or permissive user neither requests that his car be impounded nor gives his consent, he will be presumed to have assumed the risk for any claims of loss or damage that may arise.

We note that similar procedures are required in

other jurisdictions. See, *e.g.*, *State v Mangold*, 82 NJ 575; 414 A2d 1312 (1980); *State v Thomason*, 153 Ga App 345; 265 SE2d 312 (1980); *People v Schultz*, 93 Ill App 3d 1071; 49 Ill Dec 362; 418 NE2d 6 (1981); *State v Gaut*, 357 So 2d 513 (La, 1978); *Virgil v Superior Court of County of Placer*, 268 Cal App 2d 127; 73 Cal Rptr 793 (1969). See generally 68 Am Jur 2d, Searches & Seizures, § 57, p 708, and 48 ALR3d 537.

Based upon the foregoing, we find that the officer's decision to impound defendant's automobile was neither necessary nor reasonable. Defendant's vehicle was lawfully positioned in a well-patrolled parking lot outside the air freight building of the Kent County Airport. It is not argued that the car was blocking any thoroughfare or otherwise impeding airport traffic. The search of the automobile was not incident to defendant's arrest, nor was it thought to be, or to contain, evidence of the crime for which defendant was arrested. Finally, the arresting officers did not obtain defendant's consent prior to the impounding and searching of her car, nor did they ask whether alternate arrangements other than police impoundment could be made to secure it.

As the decision of the officer to impound defendant's vehicle was an abuse of discretion, we find the subsequent inventory search was invalid. The fruits of that search, therefore, should have been suppressed. Accordingly, defendant's conviction for simple possession of cocaine must be reversed.

Further, in light of the asserted defense to the charge of possessing cocaine with intent to deliver —that defendant thought the package contained money owed her by her boyfriend—we cannot say that the introduction of the evidence obtained as a result of the illegal search was harmless. We therefore reverse defendant's second conviction as

well and remand the case to the circuit court for a new trial absent the illegally obtained evidence.

Reversed and remanded.

R. LAMB, J., concurred.

D. E. HOLBROOK, JR., P.J. *(dissenting)*. I respectfully dissent. In my opinion the decision of the police officers to impound the vehicle was proper. There is no indication that the impoundment was a pretext to justify the search. *People v Castle,* 126 Mich App 203, 207; 337 NW2d 48 (1983).

My review of the record reveals that defendant was alone when she was arrested on that Saturday morning. While it is true that her car was legally parked in the Kent County Airport freight parking lot, that lot is west of the main parking facilities and is an isolated area. Defendant had left her purse on the front seat of the auto in plain view. Her purse may have offered an attractive incentive to potential thieves. *People v McIntosh,* 110 Mich App 139, 145; 312 NW2d 415 (1981). See also *South Dakota v Opperman,* 428 US 364, 375-376; 96 S Ct 3902; 49 L Ed 2d 1000 (1976), where the Court said: "The inventory itself was prompted by the presence in plain view of a number of valuables inside the car."

Although the record does not indicate whether defendant could have made independent arrangements to secure the car, even a short period of inattention could have left defendant's vehicle open to theft or vandalism. *McIntosh, supra,* p 145, and *United States v Staller,* 616 F2d 1284 (CA 5, 1980). Furthermore, as defendant was taken into custody on Saturday morning, she was going to be detained until her arraignment on Monday morning at least. The risk of harm to her vehicle would appreciably increase each night that it was left

unattended in this isolated parking lot. *Staller, supra,* pp 1289-1290, and *McIntosh, supra,* pp 144-145.

I do not agree that the police have a duty to ascertain a defendant's ability to make independent arrangements for an automobile. Even if defendant had made suitable provisions for her vehicle, the police cannot be required to wait for her party to arrive to secure the car. As even a short period of inattention could result in property damage or theft, I find that impoundment was a reasonable alternative.

The officers were following a reasonable and standard departmental practice of inventorying and impounding autos. *People v Long (On Remand),* 419 Mich 636, 647; 359 NW2d 194 (1984).

" 'A standard departmental practice gives some assurance that the particular vehicle or part of the vehicle was not singled out for a search based upon an improper motive.' "

I would have followed our Court's opinions of *McIntosh, supra,* and *Castle, supra,* p 210, and held the decision to impound reasonable and prudent. I would affirm both of defendant's convictions.